EARL P. HUNTOON, JR. *vs.* CITY OF QUINCY (and a companion case[1]).

Norfolk.    December 10, 1964. — April 7, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Civil Service. Waiver. Practice, Civil,* Premature action.

A purported suspension of an employee from a civil service position without compliance by the appointing authority with the procedures required by G. L. c. 31, § 43, was without effect.   [13]

Where it appeared in an action of contract against a city by a police officer that a purported suspension from duty was ineffective for want of compliance with the civil service procedures in G. L. c. 31, § 43, that the appointing authority had notified the plaintiff of a charge of misconduct against him and that a hearing on a proposed discharge of the plaintiff would be held on a certain day, that the hearing was commenced on that day but a continuance was granted at the plaintiff's request and for his benefit and the hearing was not resumed, and that no evidence was introduced of what the plaintiff earned or could have earned while suspended, he was entitled to recover his salary from the day of suspension to, but not including, the day the discharge hearing was commenced.   [13]

An appointing authority who commenced a hearing under G. L. c. 31, § 43 (a), on the question of discharging a civil service employee and who granted a continuance of the hearing at the employee's request and for his benefit might properly make the day of the commencement of the hearing the effective day of discharge if the authority should finally

---

[1] The companion case is by Dante DiBona against the same defendant.

decide to discharge the employee upon completion of the hearing. [13–14]

An action of contract against a city by a civil service employee to recover salary was prematurely brought and could not be maintained, so far as it concerned salary from and after the day when a hearing under G. L. c. 31, § 43 (a), was commenced by the appointing authority on the question of a proposed discharge of the plaintiff, where it appeared that the authority had granted a continuance of the hearing at the plaintiff's request and for his benefit and that it still stood continued.   [15]

A police officer of a city, notified by the appointing authority that he had been charged with "conduct unbecoming an officer in receiving stolen property" and that a hearing on a proposed discharge would be held, waived any failure of the notice to meet the requirements of G. L. c. 31, § 43 (a), in that it did not state the reasons for the proposed discharge with sufficient specificity and did not include a copy of § 46A, where he did not object to the notice on such grounds at the discharge hearing but requested and received a continuance thereof on the ground that criminal complaints for receiving stolen property were pending against him.   [15–17]

Two ACTIONS OF CONTRACT.   Writs in the Superior Court dated January 23, 1962.

The actions were heard by *Moynihan, J.*

*Daniel Klubock* for the plaintiffs.

*Stephen T. Keefe, Jr.,* Assistant City Solicitor, for the defendant.

KIRK, J.   These are two actions of contract brought, respectively, by Earl P. Huntoon, Jr. (Huntoon) and Dante DiBona (DiBona) to recover salaries allegedly owed but not paid to them by the city of Quincy (the city) subsequent to October 16, 1960.   Each case was submitted on stipulated facts.   The judge correctly treated each as a case stated.   *Rogers* v. *Attorney Gen.* 347 Mass. 126, 130.   Judgments were ordered for the city.   The plaintiffs[2] appealed.

In October, 1960, the plaintiffs held permanent appointments in the police department of the city.   Huntoon was a sergeant.   DiBona was a patrolman.   Their employment was at all times subject to G. L. c. 31.   On October 15, 1960, complaints were issued by the District Court of East Norfolk charging each plaintiff with receiving stolen property. On October 17, 1960, the chief of police of the city orally notified each plaintiff that he had been suspended from his

---

[2] When used in the opinion ''plaintiffs'' means both Huntoon and DiBona.

duties.   On the same day each plaintiff was served with a letter from the mayor, the appointing authority, notifying him that he had been charged with "conduct unbecoming an officer in receiving stolen property," and that a hearing would be held before the mayor on October 26, 1960, for each to show cause why he should not be discharged.   Accompanying each letter was a copy of G. L. c. 31, §§ 43 and 45.   Section 46A was not included.

On October 26, 1960, each plaintiff appeared, represented by counsel, and requested a continuance of the hearing on the ground that it was unfair to require the plaintiffs to contest the charges while the criminal complaints were still pending.   The continuances were granted.   The hearings have not been resumed.

In January, 1961, several indictments against each plaintiff were returned by the grand jury of the county.   On March 9, 1961, DiBona was found guilty of larceny from a building.   He pleaded guilty to several other indictments which included charges of receiving stolen property, larceny, breaking and entering, and possession of burglarious instruments.   On the same day Huntoon was found guilty on one indictment which charged larceny of goods of less than $100 in value.   Each plaintiff was sentenced to jail for one year, commencing March 9, 1961.

On April 8, 1961, while DiBona was still in jail, he submitted a letter of resignation to the police department to be effective immediately.   He has not received any salary since October 16, 1960.   No claim is made or could be made that DiBona is entitled to compensation after April 8, 1961, the date of his resignation.   It is agreed that DiBona's earnings between October 16, 1960 (the last day for which he was paid), and March 9, 1961 (the date of his conviction), would amount to $2,077.58, and between October 16, 1960, and April 8, 1961 (the date of his resignation), would amount to $2,546.18.

Additional facts relating to Huntoon, although relevant to and part of the case stated, are set out in the footnote since they are not determinative in light of our disposition

Huntoon v. Quincy.

of the case.[3]   It is agreed that Huntoon's earnings between October 16, 1960 (the last day for which he was paid), and March 9, 1961 (the date of his conviction), would amount to $2,402.18, and between October 16, 1960, and June 9, 1961 (the date of his discharge by the mayor), would amount to $3,992.08.

With the foregoing facts in mind we consider the plaintiffs' contention that they are now entitled in these actions of contract to recover compensation after October 16, 1960.

Under the statute the plaintiffs, when suspended or discharged, were entitled to a hearing before the appointing authority to determine whether there was just cause for that action.   G. L. c. 31, § 43 (a),[4] (e).   Following the decision of the appointing authority, they are entitled to a determination by the Civil Service Commission, after hearing, whether the action of the appointing authority is justified.   G. L. c. 31, § 43 (b), (e).   Thereafter judicial review

[3] On May 9, 1961, Huntoon was served with a letter containing several other charges and notifying him of a hearing on May 19, 1961, to show cause why he should not be discharged.   Enclosed was a copy of G. L. c. 31, §§ 43, 45 and 46A.   A continuance was granted at the request of Huntoon's attorney. The hearing was held by the mayor on May 26 and June 9, 1961.   By letter of June 9, 1961, Huntoon was notified that he was discharged.   Under G. L. c. 31, § 43, Huntoon requested a hearing before the Civil Service Commission. After a hearing before one of the commissioners the commission voted on September 27, 1961, to modify the action of the mayor "to a suspension without pay for one year from June 9, 1961."   A petition by the mayor for a writ of certiorari to set aside the action of the commission is now pending in the Superior Court.   On June 23, 1961, Huntoon's motion for a new trial on the charge on which he was convicted on March 9, 1961, was allowed.   Subsequently, Huntoon was given a hearing before the mayor on still other charges and was discharged.   The mayor's action has been upheld by the Civil Service Commission.   A petition for review, filed by Huntoon, is now pending in the Municipal Court of the City of Boston.

[4] "Every person holding office or employment under permanent appointment in the official or labor service of the commonwealth, or of any county, city or town thereof, shall have unlimited tenure of office or employment, subject to the provisions of this chapter and the rules made thereunder.   He shall not be discharged, removed, suspended for a period exceeding five days . . . except for just cause and for reasons specifically given him in writing.   Before any action affecting employment or compensation referred to in the preceding sentence is taken, the officer or employee shall be given a written statement of the specific reason or reasons for the contemplated action, together with a copy of sections forty-three, forty-five and forty-six A, and shall be given a full hearing before the appointing authority on the specific reason or reasons given, of which hearing he shall have at least three days' written notice from the appointing authority . . . .   Within two days after completion of said hearing, the appointing authority shall give to the employee affected a written notice of his decision, stating fully and specifically the reasons therefor."

of the decision of the commission is available. G. L. c. 31, §§ 43 (d), 45. If denied the above remedies, they may by mandamus obtain reinstatement. G. L. c. 31, § 46A. The plaintiffs should have been apprised of the above rights in the notices of suspension by the chief of police and the discharges by the mayor. G. L. c. 31, § 43 (a), (e).

The purported suspensions of the plaintiffs on October 17, 1960, orally communicated to them by the chief of police, failed to comply with the statutory requirements of G. L. c. 31, § 43 (a) or (e). Neither plaintiff was given written notice of the reasons for the suspension, neither was given a hearing or apprised of his right to request a hearing, and neither was given a copy of the statutory sections outlining his rights to a hearing and review. Thus, the suspensions were without effect and each plaintiff may recover in his action such damages as are proved to be the result of the breach of his contract of employment. *Ransom* v. *Boston,* 192 Mass. 299, 307. *Tucker* v. *Boston,* 223 Mass. 478. *Henderson* v. *Mayor of Medford,* 320 Mass. 663, 668. There being no evidence of what the plaintiffs earned or could have earned during the period in mitigation of the damages (see *McKenna* v. *Commissioner of Mental Health,* 347 Mass. 674, 677) the plaintiffs are entitled to recover the salary each would have earned from October 17, 1960, to, but not including, October 26, 1960.

The plaintiffs' right to their salaries after October 26, 1960, however, stands on a different ground. The discharge hearings which were commenced on that date were continued at the plaintiffs' requests and have not yet been resumed. The plaintiffs now assert that the notices given them on October 17, 1960, were defective in two particulars later to be discussed, that they did not waive these defects and that they have not been effectively discharged and therefore are entitled to their salaries from and after October 26, 1960. We do not agree.

The plaintiffs' right to compensation depends upon whether they now could be discharged effective October 26, 1960. Inherent in the plaintiffs' arguments is their assumption that a decision to discharge made after a hearing

may become effective only on or after the date the decision is made. The assumption is neither required by the terms of the statute nor necessary to protect the plaintiffs' rights.

The statute (G. L. c. 31, § 43) does not address itself to the time when a discharge may become effective. It requires that "[b]efore any action affecting employment or compensation . . . is taken" the employee be given written notice of the reasons for the contemplated action and a hearing upon those reasons. In a case where, as here, the hearings were continued at the request of and for the benefit of the employees, the date of the commencement of the hearings may be made the effective date of discharge if and when the decision to discharge is finally made. See *Duggan* v. *Third District Court of E. Middlesex*, 298 Mass. 274, 276–277.

The practical necessity for our interpretation is demonstrated by the cases before us. Important among the many duties of police officers, for the protection of the public, are the prevention and detection of crime and the apprehension of criminals. When a police officer is formally charged with participation in criminal activities, his capability of performing his responsibilities to the public is gravely challenged. An entity of government cannot permit him to exercise his powers as a police officer until the doubt raised by the challenge is dispelled. The interests of the officer concerned and of the civil service require that the issue be speedily resolved. When the resolution of the doubt is delayed solely for the convenience and at the request of the officer concerned, he cannot justifiably assert that the city should compensate him for services it could not use during the period of the requested continuance.

Our interpretation is supported by the pattern of G. L. c. 31, §§ 43, 45, and 46A. Short periods for review are provided. That the final adjudication of the rights and obligations of employer and employee should be expeditiously accomplished is made plain. The statute is designed on the one hand to minimize the period during which the public agency must pay compensation for services which it cannot use and, on the other hand, to accelerate the vindica-

tion of the employee and his restoration to duty, if he is so entitled.

The plaintiffs may recover compensation in these actions of contract for a period after October 26, 1960, only if they show that their employment continued after that date. No such showing has been made here. And it is impossible to make such a determination in the present posture of these controversies. That determination must be made by the appointing authority upon completion of the hearings, which still stand continued at the plaintiffs' requests.[5] Thus, unless it be shown that the appointing authority has prejudiced the plaintiffs' rights by failing to follow the procedures of G. L. c. 31, § 43, and thereby has made the plaintiffs' rights to hearing and review unavailable, this action is premature. A premature action in contract may not be maintained. *Poresky* v. *Wood,* 248 Mass. 464, 465.

What we have said does not prejudice the plaintiffs in any way. If they are not discharged after hearing or are discharged improperly, they are entitled to recover their salaries for the period during which they were available for work. *Tucker* v. *Boston,* 223 Mass. 478. If, after the plaintiffs so request, the appointing authority without justification refuses to reconvene the hearings within a reasonable time, the plaintiffs are entitled to recover their salaries in actions of contract on the ground that the refusal to reconvene the hearings constitutes denial of those hearings. See *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 117–119. If they are discharged and it is found on review that the discharges were not justified, they will be returned to their offices without loss of compensation. G. L. c. 31, §§ 43 (b), 45.

The plaintiffs assert, however, that they may maintain these actions of contract because the requirements of G. L. c. 31, § 43, were not complied with. Particularly, they complain that the notice of hearing given each of them was defective in two particulars.

---

[5] In view of DiBona's conviction it is improbable that the appointing authority would find that the discharge should be effective later than October 26, 1960.

First, they allege that the notices of hearing, charging each of them with "conduct unbecoming an officer in receiving stolen property," lacked the specificity required by G. L. c. 31, § 43 (a). That section requires that "the employee . . . be given a written statement of the specific reason or reasons for the contemplated action . . . ." We need not decide whether the reasons for the proposed discharges were stated with sufficient specificity. Cf. *Nevins* v. *Board of Pub. Welfare of Everett,* 301 Mass. 502. The failure of the plaintiffs to object that the reasons given in the notice were not specific and the fact that they based their requests for continuances on the ground that it was unfair to make them contest the charges while the criminal complaints charging them with receiving stolen property were pending indicated an awareness of the nature of the charges against them and constituted a waiver of any objection they might have had to the specificity of the charges. *Mayor of Medford* v. *Judge of First Dist. Court of E. Middlesex,* 249 Mass. 465. *Beaumont* v. *Director of Hosps. & Superintendent of the Boston City Hosp.* 338 Mass. 25, 26. At the hearings, the plaintiffs did not refuse, as they could have refused, to go forward because they were not adequately informed of the charges against them. *Henderson* v. *Mayor of Medford,* 320 Mass. 663. They chose to ask for continuances on stated grounds. The continuances were granted.

Second, the plaintiffs contend that the failure to include G. L. c. 31, § 46A, was a defect in each notice. The defect was one of form and was waived by the plaintiffs' asking for the continuances without objecting to this defect. Further, the plaintiffs were not prejudiced by the failure to include a copy of § 46A which deals only with the remedy by mandamus. From what we have said above it is apparent that the plaintiffs had available remedies under G. L. c. 31, §§ 43, 45. This being true, the remedy by mandamus was not then available. *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193, 199. *Nevins* v. *Board of Pub. Welfare of Everett,* 301 Mass. 502, 504. *Iannelle* v. *Fire Commr. of Boston,* 331 Mass. 250, 253. Thus, the defects in the notices

of hearing to the plaintiffs were not prejudicial and were waived by them. ''The design of the civil service law is to free competent and upright public servants from arbitrary removal but not by the requirement of insubstantial formalities to shield the inefficient or unworthy from being separated from the public service.'' *Whitney* v. *Judge of the Dist. Court of No. Berkshire,* 271 Mass. 448, 461. It follows that the right of each to a hearing has not been prejudiced, and these actions of contract are premature and may not be maintained in so far as they relate to the period commencing October 26, 1960.

We do not decide whether the plaintiffs have waived their rights to their salaries for the period beginning October 26, 1960, by failing to seek to have the hearings reconvened after their trials on the criminal charges. See *Phillips* v. *Boston,* 150 Mass. 491; *Branche* v. *Fitchburg,* 306 Mass. 613; *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484.

The orders for judgments are reversed. The cases are remanded to the Superior Court for a determination of the salary due each plaintiff from October 17, 1960, to October 25, 1960, inclusive.

*So ordered.*