JAMES F. REYNOLDS vs. COMMISSIONER OF COMMERCE
AND DEVELOPMENT.

Suffolk.    January 7, 1966. — February 4, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Commonwealth,* Officers and employees. *Public Officer. Veteran. Constitutional Law,* Obligation of contracts, Police power.

G. L. c. 30, § 9A, did not give a veteran whose office in the State service and tenure thereof were within its terms a contractual right to his office unaffected by the enactment of G. L. c. 30, § 59, as a proper exercise of the police power; and his suspension from his office pursuant to § 59 without compliance with the requirements of G. L. c. 31, §§ 43, 45, did not violate the contract clause of art. 1, § 10, of the Federal Constitution.

PETITION filed in the Superior Court on April 27, 1965.

A demurrer to the petition was heard by *DeSaulnier, J.*

*Arthur Brogna* for the petitioner.

*William A. Norris,* Special Assistant Attorney General, for the respondent.

CUTTER, J.    Reynolds, a veteran, seeks a writ of mandamus to compel the commissioner to reinstate him as deputy commissioner.    See G. L. c. 23A, § 3 (inserted by St. 1953, c. 409, § 1; see later amendment by St. 1964, c. 636, § 1).    As of June 1, 1964, Reynolds had held this position for more than three years.    On that day, he was suspended pursuant to G. L. c. 30, § 59 (as amended through St. 1963, c. 829, §§ 1–2, later amended by St. 1964, c. 528), because of his indictment for violations of law (larceny), alleged by the commissioner to be "of a nature . . . to constitute misconduct in office."    Reynolds was later found guilty and ordered to make restitution of $251.40.    This he has done. He contends that he should not have been suspended except in accordance with G. L. c. 31, §§ 43 and 45, because of the

protection given to veterans by G. L. c. 30, § 9A, as amended through St. 1947, c. 242.[1]    He has appealed from an order sustaining a demurrer to the petition and from a so called "final decree" which we treat as an order for judgment dismissing the petition.    See G. L. c. 213, § 1D, as amended through St. 1957, c. 155.

*Bessette* v. *Commissioner of Pub. Works,* 348 Mass. 605, 608, established that § 59 (which affords the suspended employee reasonable protection if vindicated) permits suspension of persons subject to civil service without compliance with G. L. c. 31, § 43 (a), as amended, and related statutes.    Reynolds, however, contends that application of § 59 to him impairs the obligation of the "contract" governing his employment (see art. 1, § 10, of the Constitution of the United States), because he had served (see c. 30, § 9A) for more than three years.    Whether he is regarded as a public officer (*Williams* v. *New Bedford,* 303 Mass. 213, 214; *Nichols* v. *Commissioner of Pub. Welfare,* 311 Mass. 125, 130–131), or as having essentially civil service rights (see *Matter of Eagan* v. *Livoti,* 287 N. Y. 464, 468–469), we conclude that Reynolds possessed no such contractual right to his office as would prevent at least reasonable, nondiscriminatory legislative amendment, in the public interest and for a proper governmental purpose, of the incidents of the office and of the procedure for suspension from that office.    The obvious public purpose of § 59, as we indicated in the *Bessette* case (pp. 608–609), was "to protect the public interest," in the light of the "indisputable fact of the indictment," from the inappropriate situation of having an official under indictment engaged in the duties of his office. Section 59 properly provides (p. 609) that "an official indicted for malfeasance in office . . . [shall] be separated from the office pending trial and, if convicted . . . [shall]

[1] Section 9A reads, in part, "A veteran . . . who holds an office or position in the service of the commonwealth not classified" under c. 31 (with certain exceptions not here relevant) "and has held such office or position for not less than three years, shall not be involuntarily separated from such office or position except . . . in accordance with" c. 31, §§ 43 and 45, "to the same extent as if said office or position were classified . . . ."

have no right of reinstatement."[2]   In effect, with respect to indicted officials like Reynolds, § 59 merely substitutes for the procedures of c. 31, § 43 (a), other procedures affording due process of law to the suspended official.   The enactment of § 59 was clearly within the retained legislative power of regulation, even of existing contract arrangements, in the public interest.   See Schwartz, Rights of Property, A Commentary on the Constitution, 283–287.

*Indiana ex rel. Anderson* v. *Brand,* 303 U. S. 95, upon which Reynolds relies, recognizes (pp. 108–109) that "every contract is made subject to the implied condition that . . . [it] may be frustrated by a proper exercise of the police power . . . for an end which is in fact public . . . [by] means . . . reasonably adapted to that end."   See *El Paso* v. *Simmons,* 379 U. S. 497, 508–509.   We think that § 59 fully complies with the standard thus stated in the *Anderson* case.   In *Huntoon* v. *Quincy,* 349 Mass. 9, on which Reynolds also relies to some extent, no question of legislative amendment of suspension procedures was presented.

> *Order sustaining demurrer affirmed.*
> *Order for judgment affirmed.*

---

[2] It is to be noted that, in the event of termination of the criminal proceedings without a finding or verdict of guilty, the final paragraph of § 59 contains suitable provision for the suspended employee's protection. Since Reynolds was found guilty this paragraph is not here relevant.