**Terrell M. FRANCOIS, Plaintiff,**

v.

**John F. BUSHELL, as Postmaster of Oakland, California, et al., Defendants.**

**No. C–71 218.**

United States District Court,
N. D. California.

April 19, 1971.

James Stanford White, White, Cruik-shank & White, Oakland, Cal., for plaintiff.

Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM DENYING MOTION FOR PRELIMINARY INJUNCTION

PECKHAM, District Judge.

The complaint in this action seeks declaratory and injunctive relief against the defendants to prevent them from suspending the plaintiff from his job with the United States Post Office Department pending a full administrative hearing on certain charges. The complaint asks further that the Court declare the rules and procedures under which the plaintiff was suspended to be in violation of the United States Constitution. Plaintiff invokes jurisdiction under 5 U.S.C. § 702, and 28 U.S.C. § 1331.

On January 14, 1971, the plaintiff was placed on administrative leave and ordered to stay away from the Postal premises until further notice because of having violated Title 18, U.S.C. § 111, by committing forcible assault upon another Post Office employee and threatening said employee.

A letter of proposed adverse action by the Post Office Department was delivered to the plaintiff on January 14, 1971, notifying him that it was proposed to remove him from Postal employment, suspend him without pay for such period as might be administratively decided, or take such other administrative action as might be deemed warranted. The letter further notified the plaintiff that it was proposed to suspend him from an active duty status pending action on the charges. Further, the letter gave plaintiff the right to reply to the charges orally or in writing and show cause why he should not be suspended. Plaintiff did not respond.

On January 20, 1971, a letter of decision was issued by the defendant Regional Director R. E. James, informing the plaintiff that it had been determined that it would not be in the best interest of the Post Office Department to retain him in an active duty status pending a decision on the proposed adverse action. The plaintiff acknowledged receipt of said letter on January 22, 1971, which became effective January 23, 1971, and the plaintiff had fifteen days thereafter to appeal from this suspension. He did not do so. From January 14 to January 23, 1971, the plaintiff was in full pay status on administrative leave.

On February 25, 1971, the defendant Regional Director R. E. James sent the plaintiff a decision letter informing him

of the adverse action of termination of employment. The letter, which was delivered to the plaintiff on March 4, 1971, also stated that he might appeal the decision to the Assistant Postmaster General for Operations within 15 days from receipt. Plaintiff has made timely appeal, which appeal is now pending.

The above procedures were followed in accordance with Part 7 of the Postal Manual.

Plaintiff maintains that he will not receive a full administrative hearing on the adverse action until about three months after the effective date of his suspension without pay and that a final administrative determination will not come down until about two months after the date of his hearing. He thus contends that the procedures afforded him by Part 7 of the Postal Manual deprive him of his property in violation of the Fifth Amendment; he contends that the probable five month lapse of time between his summary suspension and the administrative decision after the full hearing constitutes such a lengthy period that it results in a denial of his due process rights.

Defendants urge that this Court lacks jurisdiction to consider this case on the merits, due to plaintiff's admitted failure to exhaust administrative remedies. In support of their jurisdictional argument, defendants cite Hills v. Eisenhart, 156 F.Supp. 902 (N.D.Cal.1957), aff'd., 256 F.2d 609 (9th Cir. 1958), cert. den., 358 U.S. 832, 79 S.Ct. 53, 3 L.Ed.2d 70, and Ogden v. Dept. of Transportation, 430 F.2d 660 (6th Cir. 1970). However, these cases are distinguishable from the instant case in that therein review was requested of an agency's actions prior to exhaustion by the plaintiff of his administrative remedies. Herein, plaintiff does not directly challenge the decision of the Post Office Department; plaintiff, instead, challenges administrative procedures which are provided him by the Department. Plaintiff attacks the adequacy of his administrative remedy.

In McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), the Supreme Court discussed the doctrine of the exhaustion of administrative remedies. Although McKart was a criminal prosecution under the Selective Service laws and the Court's discussion was within the context of the administrative organization of the Selective Service System, the general theory behind the doctrine of exhaustion has application in a much broader context. See e. g., Mescalero Apache Tribe v. Hickel, 432 F.2d 956 (10th Cir. 1970).

In McKart the Supreme Court points out that the purposes of the judicially created exhaustion requirement are to allow the development of a full factual record, to permit the exercise of administrative expertise, and to promote efficiency in both the agency and the courts, all by avoiding premature judicial consideration, and to recognize the autonomy of the administrators within their field of expertise. McKart v. United States, supra, 395 U.S. at 194–195, 89 S.Ct. 1657, 23 L.Ed.2d at 203–204.

█ The teaching of McKart leads this Court to conclude that when a party challenges the essential adequacy of his administrative remedy, exhaustion is not required. Accord, see 3 Davis, Administrative Law Treatise § 20.07. No purpose of the exhaustion requirement would be served by dismissing this case for want of jurisdiction.

█ Plaintiff's challenge to the -constitutionality of the Post Office Department's procedures is two-fold. First, he argues that his summary suspension without a hearing violated his due process rights. However, the Ninth Circuit has held that a government employee can be summarily discharged unless the expulsion is arbitrary or discriminatory. Herak v. Kelly, 391 F.2d 216, 217 (9th Cir. 1968). See also Cafeteria and Restaurant Workers, etc. v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). In the present case, when the Post Office Department took its summary action, plaintiff had not taken advantage of the opportunities presented to him to rebut the charge

against him that he had assaulted a fellow worker. It is somewhat strange for him to now argue that the agency's action was arbitrary. This Court can find no basis to support such an assertion.

Second, plaintiff argues that the delay resulting from the Department's procedural scheme has the effect of denying him his right to due process under the Fifth Amendment. He urges this Court to preliminarily enjoin the Department from further suspending him from his job pending a full administrative hearing.

■ A preliminary injunction should not be granted unless the plaintiff can show irreparable injury, a probability of success on the merits, and a balance of equities in his favor. Alameda Conservation Association v. California, 437 F. 2d 1087 (9th Cir. 1971); Coffee Dan's v. Coffee Don's, 305 F.Supp. 1210, 1213 (N.D.Cal.1969).

■ Due Process requirements vary with the nature of the interests involved. "What procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by the governmental action." Cafeteria Workers v. McElroy, *supra*, 367 U.S. at 895, 81 S.Ct. at 1748. The plaintiff's interest herein is the right to employment with the Post Office Department free from unconstitutional government interference. The government's interest is the continued smooth functioning of its main postal facility in Oakland, California, and the protection of its employees from the danger of physical harm.

Under the challenged Departmental procedures, plaintiff had two separate opportunities to present evidence in his support prior to the February 25, 1971, termination decision which is now pending appeal. Had he then presented the exculpatory affidavits which he how has filed with this Court, it is certainly possible that the Regional Director would not have acted to terminate the plaintiff, and this legal action would have been unnecessary. On this basis alone, this Court is reluctant to grant the equitable relief requested.

Furthermore, this Court is skeptical of plaintiff's probability of success on the merits. At this time, less than two months have passed since the Department's February 25, 1971 action. Plaintiff contends that it will be another three to four months before the final administrative decision is rendered. This is not disputed by defendants. Thus, the following issue is presented: Is a suspended government employee who is charged with assault on a fellow worker and twice bypasses opportunities to submit evidence on his behalf and is then terminated from employment, denied his right to due process by an administrative procedure which takes five months to provide a full hearing and ultimate decision on the question of his termination?

■ Plaintiff has cited no authorities which in any way support his contention that the Department's procedures are unreasonable or arbitrary. This Court is of the opinion that the challenged procedures satisfy due process. It is true that the present situation works a hardship upon the plaintiff. However, his plight appears to be the product of his own inaction and neglect, rather than of the Department's administrative procedures. This would be a much different case if the Post Office Department had summarily charged and fired the plaintiff and then deprived him of a hearing until five months later. In such a situation there might well be a due process violation. That case is far more compelling than the one presently before this Court.

In accordance with the above, plaintiff's motion for a preliminary injunction is denied. This memorandum shall serve as findings of fact and conclusions of law in compliance with Rule 52, Fed. R.Civ.Proc.