**Douglas PAULOS, Plaintiff,**

v.

**Harold A. BREIER et al., Defendants.**

**Civ. A. No. 72-C-322.**

United States District Court,
E. D. Wisconsin.

March 8, 1974.

Gerald P. Boyle, Milwaukee, Wis., for plaintiff.

Thomas E. Hayes, Asst. City Atty., Milwaukee, Wis., for defendants.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought under the Civil Rights Act in which the plaintiff, a detective in the Milwaukee Police Department, complains of a five-day suspension which he received upon order of the defendant Harold A. Breier, Police Chief of the City of Milwaukee.

Jurisdiction is claimed under 28 U.S. C. § 1343, 42 U.S.C. § 1983, and 28 U.S. C. §§ 2201 and 2202. This matter is before me on defendants' motion to dismiss the action on the grounds that the complaint fails to state a claim upon which relief can be granted.

The plaintiff's complaint indicates the following: On March 3, 1972, plaintiff sent a letter to fifty-four fellow policemen urging them to support a certain candidate for political office. Plaintiff signed the letter and added his title: "Detective, Milwaukee Police Department." On March 31, 1972, plaintiff was served with "Milwaukee Police Department Charges" in which he was charged with "Using the influence of his office for political reasons" in violation of Rule 29, § 31,* of the Rules and Regulations of the Milwaukee Police Department. Plaintiff was ordered to stand trial to answer the charges. He was afforded a departmental trial, and on April 6, 1972, he was found guilty of the charges against him and received an order that he be suspended for five alternate regular off days.

Plaintiff seeks monetary damages for the period of time he was suspended and additionally asks for a declaration that Rule 29, § 31, is unconstitutional and that the defendants be enjoined from enforcing said rule. The City of Milwaukee is included as a party defendant in this action.

Before considering the substance of defendants' Rule 12(b)(6) motion, several procedural questions must be dealt with. Firstly, plaintiff argues that under Rule 12(b) of the Federal Rules of Civil Procedure, the motion to dismiss should be treated as a motion for summary judgment with the parties being given further opportunity to present material. Neither party has submitted any affidavits or depositions from which the court could make a summary judg-

---

* "Members of the Department shall not solicit or make contribution in money or other thing, directly or indirectly, on any pretext to any persons, committee, or association, for political purposes; nor shall they interfere or use the influence of their office for political reasons."

ment. Therefore, the present matter shall be treated as a motion to dismiss and not as a motion for summary judgment.

Secondly, based on the recent decision of the United States Supreme Court in City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), it has become clear that municipalities are not "persons" for purposes of jurisdiction under 28 U.S.C. § 1343 and 42 U.S. C. § 1983. I must, therefore, grant the motion of the defendant City of Milwaukee to dismiss this action as to it. I must also grant the motion of defendant Harold A. Breier to dismiss this action as to him but on different grounds.

### I.

At the outset, I must determine if the City of Milwaukee is a proper defendant in a § 1983 action.

In Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the United States Supreme Court held that a municipality is not a "person" within the meaning of 42 U.S.C. § 1983. The Court, after examining the legislative history of § 1983, concluded:

> "The response of the Congress to the proposal to make municipalities liable for certain actions being brought within federal purview by the Act of April 20, 1871, was so antagonistic that we cannot believe that the word 'person' was used in this particular Act to include them. * * *"

365 U.S. at 191, 81 S.Ct. at 486.

Subsequent to this, several courts held that the ruling of Monroe was limited to actions for damages, and that when equitable relief was sought municipalities were proper defendants under § 1983. See, for example, Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961); Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1968); Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970).

Recently the issue of this dual approach to the scope of § 1983 was laid to rest by the United States Supreme Court. In City of Kenosha v. Bruno, 412 U.S. 507, 513, 93 S.Ct. 2222, 2226, 37 L.Ed.2d 109 (1973), the Court stated:

> "We find nothing in the legislative history discussed in Monroe, or in the language actually used by Congress, to suggest that the generic word 'person' in § 1983 was intended to have a bifurcated application to municipal corporations depending on the nature of the relief sought against them. Since, as the Court held in Monroe, 'Congress did not undertake to bring municipal corporations within the ambit of' § 1983, [365 U.S.] at 187 [81 S. Ct. at 484], they are outside of its ambit for purposes of equitable relief as well as for damages. * * * *"

Therefore, the City of Milwaukee is not a proper party and must be dismissed.

### II.

Plaintiff's cause of action against defendant Harold A. Breier must also be dismissed but for different reasons. In his complaint as against said defendant, plaintiff first alleges that Rule 29, § 31, is unconstitutional for vagueness and overbreadth, and that defendant is charged with enforcing this unconstitutional rule. Plaintiff then asks that defendant be ordered to strike Rule 29, § 31, from the Rules and Regulations of the Milwaukee Police Department and that he be enjoined from enforcing such rule. I shall first consider plaintiff's vagueness claim.

Rule 29, § 31, restricts police officers from "interfer[ing] or us[ing] the influence of their office for political reasons." In United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947), the United States Supreme Court upheld the constitutionality of the Hatch Act of 1939, 5 U.S.C.A. § 7324(a)(2), which prohibits all federal employees, with the exception of a few top-level officials, from taking "any active part in political management or in political campaigns." Plaintiff cites the case of Hobbs v. Thompson, 448 F.2d 456 (5th Cir. 1971), in which that court

forcefully argued that the rationale of United Public Workers v. Mitchell, supra, has been clearly eroded by the development of the constitutional doctrines of overbreadth and vagueness. Recently, however, the United States Supreme Court strongly reaffirmed the *Mitchell* holding, and in United States Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 556, 93 S.Ct. 2880, 2886, 37 L.Ed.2d 796 (1973), held that Congress can constitutionally forbid federal employees from:

> " * * * organizing a political party or club; actively participating in fund-raising activities for a partisan candidate or political party; becoming a partisan candidate for, or campaigning for, an elective public office; actively managing the campaign of a partisan candidate for public office; initiating or circulating a partisan nominating petition or soliciting votes for a partisan candidate for public office; or serving as a delegate, alternate or proxy to a political party convention. * * * "

In addition, the Court expressly held that the Hatch Act was not impermissibly vague. *Letter Carriers*, supra, at 579, 93 S.Ct. 2880. This holding is controlling here. It leaves little doubt that Rule 29, § 31, is not so vague that "men of common intelligence must necessarily guess at its meaning." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). Rule 29, § 31, forbids the interference by members of the department, or use of their influence by way of their office, "for political reasons." The language of the Supreme Court in *Letter Carriers,* supra, is applicable here:

> " * * * there are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary

common sense can sufficiently understand and comply with, without sacrifice to the public interest. * * * " 413 U.S. at 578–579, 93 S.Ct. at 2897.

Therefore, plaintiff's claim that the wording of Rule 29, § 31, renders it unconstitutionally vague in its entirety must fail.

Plaintiff's second allegation is that the portion of Rule 29, § 31, involved here is unconstitutional for overbreadth. The general rule is that overbreadth applies when " * * * a statute lends itself to a substantial number of impermissible applications, such that it is capable of deterring protected conduct, when the area affected by the challenged law substantially involves first amendment interests, and when there is not a valid construction which avoids abridgement of first amendment interests." United States v. Dellinger, 472 F.2d 340, 357 (7th Cir. 1972), cert. denied 410 U.S. 970, 93 S.Ct. 1443, 35 L. Ed.2d 706 (1973); Jacobs v. Board of School Commissioners, 490 F.2d 601 (7th Cir., 1973). Such a situation is not present here. The portion of Rule 29, § 31, challenged states that "Members of the Department shall not * * * interfere or use the influence of their office for political reasons." This does not lend itself to a substantial number of impermissible applications. It clearly prohibits certain conduct by members of the Milwaukee Police Department. It prohibits interference with political organizations by policemen and the use of influence of the policeman's office for political reasons.

If plaintiff alleges violation of a first amendment right, he is allowed to challenge the statute not on the basis that his rights have been abridged but because of a judicial assumption that the statute's applicability to others not before the court may cause their constitutionally protected rights of speech or expression to be compromised. Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116, 14 L.Ed.2d 22 (1965). The ex-

ception for the first amendment area from the traditional rules of standing is strong medicine. It is used sparingly and only as a last resort. Dombrowski v. Pfister, supra, at 491, 85 S.Ct. 1116; United States v. Thirty-Seven Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). The United States Supreme Court stated in Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973), handed down the same day as *Letter Carriers:*

> " * * * But the plain import of our cases is, at the very least, that facial overbreadth adjudication is an exception to our traditional rules of practice and that its function, a limited one at the outset, attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from 'pure speech' towards conduct and that conduct—even if expressive —falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe. Cf. Alderman v. United States, 394 U.S. 165, 174–175 [89 S. Ct. 961, 966–967, 22 L.Ed.2d 176] (1969). To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep. * * * "

It appears that the portion of Rule 29, § 31, herein considered falls within the category where primarily conduct is regulated and not merely speech. It makes no difference that the action for which the plaintiff was suspended was the writing of a letter to fifty-four policemen urging them to support a certain political candidate: an action bordering on "speech." Since I find that the regulation in question primarily proscribes conduct, in order to overturn this regulation I must find that its overbreadth is substantial judged in relation to its plainly legitimate scope. I cannot find any such substantiality of overbreadth.

Rule 29, § 31, is designed to regulate police officers in as evenhanded and neutral a manner as possible. The rationale behind the regulation is manifest and of utmost importance to our society. The plainly legitimate scope of Rule 29, § 31, bears discussing. Firstly, it proscribes policemen from appropriating their badges, vehicles, or uniforms for political purposes. A police officer appearing in uniform on television and endorsing a particular political candidate or the writing of a letter of endorsement on official stationery are examples of this.

Secondly, Rule 29, § 31, prohibits officers from appropriating their coercive powers of search, interrogation and arrest, or their protective powers for political reasons. Examples of this would be the failure of an officer to respond to a call for police aid from a merchant or harassment of the same merchant because he would not place in his window a political poster supporting a certain candidate.

Thirdly, Rule 29, § 31, prevents officers from attempting to use their positions within the department vis-a-vis other officers within the department for political reasons. Thus, a detective or a sergeant cannot appropriate his position of authority over those lower than him in rank to order them to support a particular political candidate. He likewise could never threaten a patrolman with loss of rank over the patrolman's political philosophy. I note that the plaintiff in this matter is a detective and conse-

**528**

quently stood in a position of authority over those patrolmen who received the letter. I find that Rule 29, § 31, was written to prevent such a situation.

I recognize that the issue of governmental regulation of the conduct of its employees, especially if first amendment rights were involved, has been recently subjected to close judicial examination. Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); Pickering v. United States, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). I likewise realize that policemen share as private citizens the fruits of the first amendment. However, I find that policemen acting in their official capacities stand in a different position than most other public employees. With increasing stress on administration of the law in the United States and the peculiar position which policemen possess in relationship to the law, the citizens of this country demand and deserve an administration of justice (including the judiciary), which is both effective, impartial, and fair. The official participation of policemen and judges in the political process would not only reduce the effectiveness of the administration of justice but would greatly decrease the perceived impartiality and fairness of the judicial and law-enforcing institutions. See generally Meehan v. Macy, 129 U.S.App.D.C. 217, 392 F.2d 822 (1968).

In conclusion, I find that Rule 29, § 31, is neither unconstitutionally vague nor overbroad under the doctrines recently laid down in Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), and Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973).

For the above reasons,

It is ordered that defendants' motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted be and it hereby is granted.