**Wade H. TEMPLE, Jr., Plaintiff-Appellant,**

v.

**John F. BUSHELL, as Postmaster of Oakland, California, et al., Defendants-Appellees.**

**Terry M. FRANCOIS, Plaintiff-Appellant,**

v.

**John F. BUSHELL, as Postmaster of Oakland, California, et al., Defendants-Appellees.**

**Nos. 71–1834, 71–2135.**

United States Court of Appeals, Ninth Circuit.

July 1, 1974.

Clifford C. Sweet, Legal Aid Society, Alameda County, Oakland, Cal., for plaintiffs-appellants.

James Browning, Jr., U. S. Atty., San Francisco, Cal., William Kanter and Alan S. Rosenthal, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before DUNIWAY and KILKENNY, Circuit Judges, and SMITH,* District Judge.

OPINION

PER CURIAM:

Each of the appellants in these two cases was summarily suspended from his job by appellees pending an administrative determination as to whether he should be permanently removed from the postal service. Neither appellant sought to exhaust his available administrative remedies. Instead, each independently brought suit in district court to enjoin his suspension pending a full administrative hearing, alleging that the due process clause of the Fifth Amendment requires a pre-suspension administrative hearing.

In Temple's case, the trial court denied his motion for a preliminary injunction and dismissed his action for lack of jurisdiction on the ground that he had failed to exhaust his administra-

---

* The Honorable Russell Smith, Chief Judge, United States District Court for the District of Montana, sitting by designation.

tive remedies. In Francois v. Bushell, 325 F.Supp. 531 (N.D.Cal.1971), the trial court concluded that Francois was not required to exhaust his administrative remedies, but it upheld the constitutionality of the summary suspension without a hearing. These appeals followed, and this court granted appellants' motion to consolidate the actions on appeal.

The Supreme Court in Arnett v. Kennedy, 1974, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15, directly addressed and rejected appellants' constitutional arguments. There is no need, therefore, to resolve the exhaustion of remedies question.

The judgments are affirmed.