EDWARD L. O'HARA *vs.* COMMISSIONER OF PUBLIC SAFETY.

Suffolk.   February 3, 1975. — April 9, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*State Police.   Quasi Judicial Tribunal.   Constitutional Law,* Due
process of law, Public employment.   *Public Employment.*

Suspension from duty without pay, pending a hearing, of a uni-
formed State police trooper who was a candidate for city coun-
cillor and thus was "engaged in [an]other business or calling" in
violation of rules duly promulgated by the Commissioner of Public
Safety was not violative of G. L. c. 22, § 9A, which provided that
such an officer could be discharged only after trial because sus-
pension pending a hearing is not discharge or removal.   [380-
382]

A rule duly promulgated by the Commissioner of Public Safety which
provided that no trooper of the uniformed branch of the State
police may "be a delegate or representative or take active part in
any movement for the nomination or election of candidates for
political office" properly included a candidate for city council
within its prohibition and such a rule was not so vague as to
violate the Fourteenth Amendment to the United States Consti-
tution.   [381]

A uniformed State police trooper who, as a result of being a candi-
date for city councillor in violation of rules duly promulgated by
the Commissioner of Public Safety, was twice suspended without
notice or an opportunity to be heard was not denied due process
of law in violation of the Fourteenth Amendment to the United
States Constitution, where the suspensions were promptly followed
by notice of the charges against him and where he would be af-
forded a full hearing before discharge with the opportunity for
judicial review thereafter and reinstatement without loss of
compensation if the charges were dismissed.   [382-384]

BILL IN EQUITY filed in the Superior Court on Decem-
ber 31, 1971.

The suit was heard by *Hallisey,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Robert L. Wise* for the plaintiff.

*Terence P. O'Malley*, Assistant Attorney General, for the Commissioner of Public Safety.

BRAUCHER, J.  A trooper in the uniformed branch of the State police became a candidate for city councillor in the city of Revere.  He was suspended without pay pending a hearing, and after hearing his suspension was continued until election day.  He was elected a city councillor, and was again suspended without pay when he was sworn into office.  A judge of the Superior Court upheld the rules under which these actions were taken, and we affirm his final decree with a minor modification.

This case was heard, together with *Boston Police Patrolmen's Assn. Inc.* v. *Boston, ante,* 368 (1975), on a statement of agreed facts amounting to a case stated, which we summarize.  The plaintiff had been a trooper for more than eight years in the uniformed branch of the division of State police of the Department of Public Safety, and the defendant is the commissioner of that department.  On or about August 16, 1971, the plaintiff gave notice to the defendant's predecessor in office of his intention to be a candidate for the office of councillor-at-large in the city of Revere.  The city operates under a Plan B charter in accordance with G. L. c. 43, §§ 56-63.  On August 17, 1971, the plaintiff was certified by the election commissioners as such a candidate.  On August 18, 1971, the then Commissioner of Public Safety (commissioner) suspended him without pay, without hearing or opportunity to be heard, pursuant to Rule 18.1 of the Rules and Regulations of the Massachusetts State police (uniformed branch), and charges were preferred against him on August 19, 1971, for violation of Rules 20.1 (h), 10.86, 10.88, and 10.89.[1]

---

[1] "Rule 18.1 It is obligatory on all superior officers of the Uniformed Branch of the State Police to report all offenses and viola-

On September 14, 1971, the plaintiff was nominated for councillor-at-large in the primary election. A hearing on the charges against him, originally scheduled for August 31, 1971, was held September 23, 1971, and by letter dated October 19, 1971, he was notified that he had been found guilty of violations of Rules 10.86 and 10.88, and not guilty of violation of Rule 10.89. His suspension was continued to November 2, 1971; on that day he was elected councillor-at-large for a two-year term commencing January 3, 1972, and his suspension was terminated.

Before January 3, 1972, the plaintiff was informed that if he took office on that date he would be suspended without pay, charges would be preferred against him, and he might be discharged. He was sworn into office

tions of law and rules and regulations by members of the Uniformed Branch under their command and immediately prefer charges for such violations to the Commissioner through the Executive Officer. Any failure to do so will be treated as neglect of duty.

"The Commissioner may suspend from duty any member of the Uniformed Branch for offenses or violations of law or these rules and regulations, provided that a full report setting forth the circumstances and reasons why the member was so relieved shall be forwarded forthwith to the Commissioner."

"Rule 20.1  Members of the Uniformed Branch shall be subject to trial, judgment, and sentence of a trial board in any case when, in the opinion of the Commissioner, the good of the service so requires, and for any of the following offenses:  . . . (h) Any violation of the Rules of the Uniformed Branch now or hereafter established."

"Rule 10.86  The right of every member of the Uniformed Branch to entertain political and partisan ideas and to express the same when expressions will not concern the immediate discharge of his official duties is declared sacred and inviolate, as is his right of franchise. However, no member of the Uniformed Branch will be permitted to be a delegate or representative or take active part in any movement for the nomination or election of candidates for political office."

"Rule 10.88  No member of the Uniformed Branch shall, under any circumstances, use his official position for any political purpose whatsoever."

"Rule 10.89  Members of the Uniformed Branch shall not engage in political or religious discussions to the detriment of discipline. No member shall speak slightingly of the race, color, creed, ancestry or nationality of any person."

on that date, and was suspended without pay and without hearing or opportunity to be heard. On January 7, 1972, he was served with charges of violations of Rules 20.1 (h), 10.39[2] and 10.86. By stipulation before the Superior Court, the departmental hearing on those charges was continued indefinitely.

The judge found that the plaintiff was a member of a quasi military organization, subject to strict discipline, hazardous duty, and call to action at all hours, with correlative powers of interrogation and arrest of citizens. The commissioner could reasonably infer that permitting him to remain on duty while campaigning for elective office could create a conflict of interest which could impede his efficient performance of his duty and could undermine and impair the integrity and discipline of the law enforcement agency. For example, he might be reluctant to interrogate fully, to arrest, or otherwise to enforce the law against a citizen who might have the power to affect substantially the outcome of the campaign. The judge cited for comparison G. L. c. 268A, § 25. He ruled that the commissioner had authority to promulgate the rules in question under G. L. c. 22, § 3, and G. L. c. 147, § 1, that there is a rational nexus between the rules and the duties of a State trooper, that Rules 10.39 and 10.86 are not inconsistent with any provision of State law, and that those rules do not violate the rights to due process on the grounds of vagueness or overbreadth or rights to freedom of expression or to engage in political activity. A final decree was entered so declaring and dismissing the plaintiff's bill. The plaintiff appealed, and the case was transferred from the Appeals Court to this court under G. L. c. 211A,

---

[2] "Rule 10.39   All members of the Uniformed Branch shall keep themselves physically fit and subject to duty at all times, except when on sick leave. They shall devote their entire time and attention to the service of the Uniformed Branch and shall not engage in any other business or calling except on written permission of the Commissioner."

§ 10 (A).   At argument we were informed that the plaintiff had been reelected a city councillor in 1973, had submitted his resignation, and had been honorably discharged from the State police effective January 6, 1974.

1. *Application of the rules.*   Rules and regulations for the government of the State police are authorized by G. L. c. 22, §§ 3, 9, 9A, and G. L. c. 147, § 1.   Such rules and regulations were drawn up by the commissioner and approved by the Governor in 1922; they originally adopted trial procedure conforming to the Manual of Courts Martial of the United States Army. See *Concannon* v. *Commissioner of Pub. Safety*, 324 Mass. 503, 504-505 (1949).   Police in general must not be too hastily assimilated to the military for disciplinary purposes, but the State police are traditionally an elite force subject to more arduous duties than other policemen and to quasi military disciplinary regulations. Compare *Selectmen of Framingham* v. *Civil Serv. Commn.* 366 Mass. 547, 557, fn. 6 (1974), and cases cited, with *Murgia* v. *Commonwealth of Mass. Bd. of Retirement*, 376 F. Supp. 753, 754, fn. 3 (D. Mass. 1974), and *Parker* v. *Levy*, 417 U. S. 733, 749-751 (1974).

The plaintiff's "Substitute Petition for Declaratory Relief and Injunction" attacks the constitutionality of particular rules on their face and as applied to him, and seeks a declaration that Rule 18.1 is invalid by reason of conflict with G. L. c. 22, § 9A, as amended.   The statement of agreed facts provides that the pleadings may be referred to in order to identify the legal issues in controversy, and the defendant asserts that no issue is presented as to the plaintiff's violation of the rules.   It is true that the evidence before the departmental court in the first proceeding is not included in the record before us, and that no hearing has yet been held in the second proceeding.   Cf. *McCaffrey* v. *School Comm. of Haverhill*, 352 Mass. 516, 518 (1967).   Nevertheless, in order to

pass on the constitutional questions in controversy, we must first interpret the rules as applied to the charges brought.

We have no doubt that the suspension of the plaintiff on August 18, 1971, was in compliance with Rule 18.1, providing that the commissioner "may suspend from duty any member of the Uniformed Branch for . . . violations of . . . these rules and regulations, provided that a full report . . . shall be forwarded forthwith to the Commissioner." The charges preferred on August 19, 1971, were sufficiently "full" and satisfied the requirement that the report be forwarded "forthwith." There was no inconsistency with G. L. c. 22, § 9A, as amended through St. 1965, c. 785, § 1,[3] which provided that an officer such as the plaintiff could be "discharged only after trial," and authorized an appeal to a District Court by a person aggrieved by "removal." Suspension pending a hearing is not discharge or removal.

Nor do we doubt that to be a candidate for city councillor is to "be a delegate or representative or take active part in any movement for the nomination or election of candidates for political office," in violation of Rule 10.86. The prohibition, in our opinion, is "set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." *United States Civil Serv. Commn.* v. *National Assn. of Letter Carriers, AFL-CIO*, 413 U. S. 548, 579 (1973). Cf. *Lecci* v. *Looney*, 33 App. Div. 2d (N. Y.) 916 (1970). On the other hand, the judge did not refer either in his rulings or in the final decree to Rule 10.88, forbidding an officer to "use his official position for any political purpose whatsoever." If the suspension was justified by reason of violation of Rule 10.86, we need not pass on the application of Rule 10.88, but in any event it seems

---

[3] St. 1971, c. 521, amending G. L. c. 22, § 9A, took effect after the hearing in the first proceeding.

clear that a candidacy does not necessarily involve use of the candidate's official position. Contrast *Paulos* v. *Breier,* 371 F. Supp. 523, 524 (E. D. Wis. 1974). We say nothing as to Rule 10.89, since the plaintiff was found not guilty of the charge under that rule.

The hearing in the second proceeding against the plaintiff was indefinitely postponed, and review of the charge under Rule 10.39 is therefore premature. Moreover, since the plaintiff has since resigned, the question whether he can be discharged is now moot. Nevertheless, we think we should pass on the questions, which have been fully argued, whether the January suspension violated G. L. c. 22, § 9A,[4] and whether it was constitutional. We hold that the statutory reference to "charges . . . preferred" and the statutory requirement of trial do not preclude suspension pending trial pursuant to Rule 18.1, and that to serve on the city council of Revere is to "engage in any other business or calling" within the meaning of the prohibition in Rule 10.39. See G. L. c. 43, § 17A, as amended through St. 1963, c. 731, § 1, providing for salaries of city councillors.

2. *Suspension without hearing.* The plaintiff asserts that he has a constitutional right under the due process clause of the Fourteenth Amendment to the Constitution of the United States to notice and an opportunity to be heard before any suspension without pay, citing *Sniadach* v. *Family Fin. Corp. of Bay View,* 395 U. S. 337 (1969) (garnishment); *Goldberg* v. *Kelly,* 397 U. S. 254 (1970) (welfare benefits); *Bell* v. *Burson,* 402 U. S. 535 (1971) (driver's license); *Fuentes* v. *Shevin,* 407 U. S. 67 (1972) (replevin); *Morrissey* v. *Brewer,* 408 U. S. 471 (1972) (parole revocation); *Regents of State Colleges* v. *Roth,* 408 U. S. 564 (1972) (dismissal of professor); *Perry* v.

---

[4] General Laws c. 22, § 9A, as appearing in St. 1971, c. 521, provided in pertinent part: "Any officer appointed under this section who has served for one year or more, against whom charges have been preferred, shall be tried by a court to be appointed . . . ."

*Sinderman,* 408 U. S. 593 (1972) (dismissal of professor). The defendant responds by pointing out that an officer of the State police is given a full evidentiary hearing before discharge, with opportunity for judicial review, and that if the charges against him are dismissed he is reinstated without loss of compensation. Where only property rights are involved, the defendant says, postponement of judicial inquiry is not a denial of due process, if there is adequate opportunity for ultimate judicial determination, citing *Mitchell* v. *W. T. Grant Co.* 416 U. S. 600, 622 (1974). *Arnett* v. *Kennedy,* 416 U. S. 134 (1974), upholding the discharge of a Federal civil servant without a prior evidentiary hearing, is claimed to be dispositive of the issue. See especially 416 U. S. at 169 (1974) (concurring opinion of Powell, J.).

Since there was no opinion of the court in *Arnett* v. *Kennedy, supra,* it establishes no principle and can be dispositive only of cases with like facts. Cf. *Davis* v. *Vandiver,* 494 F. 2d 830, 832 (5th Cir. 1974). The *Arnett* case, like this one, involved discipline of a public employee for cause under a procedure affording him a full evidentiary hearing only after his removal. In that case the employee was discharged, in this one he was temporarily suspended. In that case, unlike this one, he was given thirty days' advance notice of the charges and an opportunity to reply orally and in writing before removal. Only one of the Justices referred to the fact that the notice might be dispensed with in certain cases. 416 U. S. at 195 (1974) (concurring opinion of White, J.). Cf. 416 U. S. at 225 (1974) (dissenting opinion of Marshall, J.).

Subsequent cases on actions taken before hearing have some relevance. *Goss* v. *Lopez,* 419 U. S. 565 (1975) (temporary suspension of high school student). *North Ga. Finishing, Inc.* v. *Di-Chem, Inc.* 419 U. S. 601 (1975) (garnishment of commercial bank account). See *Gerstein* v. *Pugh,* 420 U. S. 103, 126 (1975) (detention before criminal trial, concurring opinion of Stewart, J.).

In the *Goss* case, there was an opinion of the court, and the court agreed with the District Court "that there are recurring situations in which prior notice and hearing cannot be insisted upon. . . . In such cases, the necessary notice and rudimentary hearing should follow as soon as practicable." 419 U. S. at 582-583 (1975).

We think the present case involved such a situation, and that the procedure laid down by Rule 18.1 and followed by the commissioner was appropriate, both for the August suspension and for the January suspension. At neither time was there any uncertainty as to the facts; the parties confronted questions of law: whether candidacy for elective public office or incumbency in such office was permissible for an active trooper in the State police. There is no claim that the plaintiff did not understand the issue. Cf. *Magri* v. *Giarrusso,* 379 F. Supp. 353, 359-360 (E. D. La. 1974). There was no claim of misconduct in the sense of conduct which would be wrongful for others than State troopers, or which was violent or dishonest. Cf. *Abeyta* v. *Taos,* 499 F. 2d 323, 327 (10th Cir. 1974); *Woodson* v. *Fulton,* 380 F. Supp. 238, 242 (E. D. Va. 1974). But there was an immediate prospect that the plaintiff would engage publicly in two incompatible types of activity. We think there was no denial of due process in immediate suspension, to be followed by prompt notice and full hearing. Cf. *Francois* v. *Bushell,* 325 F. Supp. 531, 533 (N. D. Cal. 1971), affd. sub nom. *Temple* v. *Bushell,* 500 F. 2d 591 (9th Cir. 1974).

3. *Other contentions.* There is no contention here that the rules were applied retroactively. Nor, since G. L. c. 22, § 9A, provides that appointees under that section "shall be exempt from the requirements of civil service law and rules," is there any basis for applying G. L. c. 31, § 46E. Otherwise, the plaintiff here makes, through the same counsel, substantially the same constitutional contentions made in *Boston Police Patrolmen's*

*Assn. Inc.* v. *Boston, supra.* What we say there is also applicable here, and sustains the judge's rulings.

4. *Disposition.* Since the final decree declares the rights of the parties, the provision in paragraph 5 that the substitute petition is dismissed is inappropriate. Paragraph 5 is therefore struck. As so modified, the final decree is affirmed.

*So ordered.*