MARIO E. INDORATO *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD.
June 18, 1985. *Public Employment,* Police, Retirement, Suspension.

When indicted by a Federal grand jury on charges of perjury, conspiracy, and larceny, the plaintiff, a State police officer, was suspended from his employment. He was thereafter found guilty on all indictments, and three days later, sought immediate retirement from State service with superannuation retirement benefits. By virtue of G. L. c. 30, § 59, and c. 32, § 10(1), the plaintiff was denied benefits. The denial was affirmed on the plaintiff's complaint brought under G. L. c. 30A, § 14. We affirm.

While employed as a State police officer from 1956 to the date of his suspension, April 23, 1979, the plaintiff contributed a fixed percentage of his salary to the State retirement system. These contributions have been or will be returned to him. Only his superannuation retirement benefits are at issue.

Under G. L. c. 30, § 59, a person who retires from State service while under suspension pending disposition of indictments concerned with misconduct in office is not entitled to superannuation retirement benefits. The present charges, perjury, conspiracy, and larceny, constitute misconduct in office within the meaning of § 59. See *Commissioners of Civil Serv.* v. *Municipal Court of the Brighton Dist.,* 369 Mass. 166, 173 (1975), cert. denied, sub nom. *Patuto* v. *Commissioner of Civil Serv.,* 429 U.S. 845 (1976). Cf. *Huntoon* v. *Quincy,* 349 Mass. 9, 14 (1965); *Broderick* v. *Police Commr. of Boston,* 368 Mass. 33, 42-43 (1975). The plaintiff contends, however, that § 59 is inapplicable for various reasons, all of which touch upon the undisputed fact that he has never had a hearing before his appointing authority concerning his separation from State service.

1. We cannot consider the plaintiff's claim that the rules and regulations for government of the Massachusetts State police require a pre-suspension hearing, because those rules and regulations have not been made a part of the record. See *Saxon Coffee Shop, Inc.* v. *Boston Licensing Bd.,* 380 Mass. 919, 926 (1980) ("The regulations of the board are not published in the Code of Massachusetts Regulations, and thus we are not permitted to take notice of them"). Moreover, the plaintiff was not precluded from making the rules and regulations part of the record by the State retirement board hearing officer. Our review of the transcript of that hearing shows that the hearing officer ruled only that he had no jurisdiction over the plaintiff's appointing authority and that he would not concern himself with the validity of the plaintiff's suspension "[u]nless somehow it's related to Chapter 32 benefits." Although the validity of the suspension is central to the plaintiff's claim on appeal that § 59 is inapplicable to him, he responded to the hearing officer, "No, it does not deal in that," and moved on to another issue.

Even assuming, however, that the rules and regulations were somehow properly before us, we still would not consider the plaintiff's claim based upon them. We think that, by his voluntary retirement, the plaintiff either

has waived the issue of the validity of his suspension or rendered it moot. See *O'Hara* v. *Commissioner of Pub. Safety*, 367 Mass. 376, 382 (1975).

2. *Bessette* v. *Commissioner of Pub. Works*, 348 Mass. 605, 608 (1965), and *Reynolds* v. *Commissioner of Commerce & Dev.*, 350 Mass. 193, 194-195, cert. denied. 384 U.S. 1001 (1966), establish that § 59 is a constitutionally proper legislative exercise of the State's police power. The statute protects the public interest by preventing State officials from engaging in their duties of office while under the cloud of indictment. At the same time, it protects the rights and interests of such officials by providing for automatic reinstatement to their positions and restoration of employment benefits upon vindication. The plaintiff argues that those cases have no application to him, because he was convicted rather than vindicated. Hence, his argument continues, he has been deprived permanently of his contract rights and benefits without a hearing.

We assume that but for his voluntary retirement, the plaintiff would have remained under suspension until such time as he sought reinstatement or the appointing authority sought his discharge, removal, or dismissal. Whether he would have been given a hearing at that time or whether he could have demanded such a hearing on the basis of due process claims are questions we need not consider. The plaintiff's retirement made a hearing unnecessary. See *O'Hara* v. *Commissioner of Pub. Safety*, 367 Mass. at 382.

3. Because we conclude that the plaintiff's superannuation retirement benefits were correctly denied under § 59, we need not reach the plaintiff's arguments concerning the inapplicability of G. L. c. 32, § 10(1). But see, *Brown* v. *Taunton*, 16 Mass. App. Ct. 614, 619 n.6 (1983).

*Judgment affirmed.*

*Willie J. Davis* for the plaintiff.
*Christopher R. Sullivan*, Assistant Attorney General, for the defendant.