Donald J. McCaffrey & others *vs.* School Committee of Haverhill & another.[1]

Essex. April 3, 1967. — May 3, 1967.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Reardon, JJ.

*School and School Committee. Administrative Matter. Equity Jurisdiction,* Declaratory relief.

Investigation by a school committee of the off-duty activities of school teachers in connection with individual tutoring in remedial reading and college board examination review and classes for adults was within the scope of the committee's official administrative functions. [518]
Confused and imprecise allegations of a bill in equity for declaratory relief by teachers in the public schools of a city against its school committee and the superintendent of schools did not show that an inquiry by the school authorities into off-duty activities of the plaintiffs in a field closely similar to their work as teachers and a possibility of disciplinary action against them had yet developed into a "controversy" within G. L. .c. 231A, § 1, and a demurrer to the bill was properly sustained. [518]

Bill in equity filed in the Superior Court on November 25, 1964.

---

[1] The defendants are seven members of the school committee and the secretary and superintendent of schools.

The case was heard by *Macaulay, J.*, on demurrer.

*Theodore L. Schiavoni* for the plaintiffs.

*George Karelitz* for the defendants.

CUTTER, J. The plaintiffs are teachers in the Haverhill public and vocational schools. They appeal (a) from an interlocutory decree sustaining a demurrer to their amended bill for declaratory relief, and (b) from a final decree dismissing the bill.

The bill alleged, among other things, (1) that the plaintiffs had formed an association called Merrimack Educational Research and Counseling Institute (Merrimack) to provide individual tutoring in remedial reading and college board examination review and also classes for adults; (2) that the plaintiffs work for Merrimack outside their regular school curriculum hours; (3) that the plaintiffs were ordered by the defendants (fn. 1) to discontinue their association with Merrimack, but that the defendants refuse to state their reasons or to give a preliminary hearing to the plaintiffs concerning whether work for Merrimack conflicts with their school duties; (4) that the plaintiffs believe that the defendants intend to "expel them from the . . . [s]chool [s]ystem" if they keep up their association with Merrimack; (5) that the school committee has refused to permit the plaintiffs' counsel or the public to be present at a hearing for "dealing with disciplinary measures against the" plaintiffs; (6) that the defendants "made final decision, ordering the . . . [plaintiffs] to desist from . . . any . . . connection" with Merrimack and informed the plaintiffs "that their failure [so] to desist . . . would result in (further) disciplinary action"; (7) that the plaintiffs "were 'suspended' . . . without any just cause"; (8) that the plaintiffs believe that "such suspension has been entered upon their written records"; and (9) that the defendants (despite "the absence of law prohibiting" the plaintiffs' proposed work for Merrimack in off-duty time) "have threatened . . . further and continuous suspension until . . . [the plaintiffs] disassociate themselves" from Merrimack.

We find nothing in the bill (apart from allegations too

confused and vague to have significance and from mere conclusions) which asserts more than that the defendants requested or directed a private conference with the plaintiffs as school teachers (without the presence of counsel, the public, or the press) about the plaintiffs' off-duty activities in a field so closely similar to their work as teachers as to raise serious doubts concerning its compatability with their public teaching work. For the school committee to investigate such matters is well within the scope of its official administrative functions. G. L. c. 71, §§ 37 and 38 (as amended through St. 1960, c. 333, § 2). See *O'Donnell* v. *Norwood,* 346 Mass. 394, 396–397. Although the allegation that the plaintiffs have been "suspended" perhaps could refer to action under G. L. c. 71, § 42, to suspend the plaintiffs as teachers, this allegation (when read in the context of the whole amended bill) appears to refer to an "order" by the defendants that the plaintiffs cease work with Merrimack upon pain of possible disciplinary action not yet the subject of final decision by the defendants after compliance with § 42.

The allegations of the bill are confused and imprecise. They do not show that the school committee has as yet ordered definite disciplinary action sufficient to give rise to a controversy in the sense in which that word is used in G. L. c. 231A, § 1. A controversy indeed may be developing but the bill does not show that it has yet emerged as a matter in which (as a consequence of a definite decision on specific disciplinary action) the plaintiffs are now entitled to declaratory relief. See *Saint Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, 469–470; *Electronics Corp. of America* v. *City Council of Cambridge,* 348 Mass. 563, 566–568. See also *Mahoney* v. *Attorney Gen.* 346 Mass. 709, 715. Because the matter of the plaintiffs' conduct is a proper subject of inquiry by the defendants, this plainly is not a case where the defendants have no administrative jurisdiction whatsoever. See *Memorial Hosp.* v. *Labor Relations Commn.* 351 Mass. 643, 647. Consequently, until the defendants decide upon definite action with some final-

ity, declaratory relief is premature. See also *Batista* v. *Nicolls,* 213 F. 2d 20, 22 (1st Cir.).

The demurrer was properly sustained.

*Interlocutory and final decrees affirmed.*