ROBERT M. TOBIN *vs.* SHERIFF OF SUFFOLK COUNTY.[1]

Suffolk. November 9, 1978. — February 1, 1979.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Public Employment. Sheriff.*

The provisions of G. L. c. 221, § 72, are not limited to the removal of a court officer, but also authorize a sheriff to suspend a court officer. [214]

Where a sheriff suspended the chief deputy sheriff for the Appeals Court of the Commonwealth pursuant to G. L. c. 221, § 72, but failed to submit his order of suspension to the Justices of the Appeals Court for action, this court granted the deputy sheriff thirty days within which to move for an entry of judgment directing the sheriff to submit the question of his suspension to the Appeals Court. [215-216]

CIVIL ACTION commenced in the Superior Court on June 2, 1977.

The case was heard by *Garrity*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

---

[1] All the significant events on which the plaintiff bases his claim occurred prior to the administration of the incumbent sheriff.

*Kenneth J. Mickiewicz*, Assistant Corporation Counsel, for the defendant.

*Ellen Y. Suni* for the plaintiff.

WILKINS, J. Late in 1976, the plaintiff, who was then chief deputy sheriff for the Appeals Court of the Commonwealth by appointment of the sheriff of the county of Suffolk (see G. L. c. 221, § 71, as amended through St. 1972, c. 740, § 9), was indicted for offenses arising from the alleged bribery of the mayor of Revere.[2] On December 3, 1976, the then sheriff of the county of Suffolk wrote to the plaintiff, sending a copy of his letter to the Chief Justice of the Appeals Court, stating that, in view of the allegations made against the plaintiff "and considering the sensitivity of [his] position," he was imposing a leave of absence, without pay, on the plaintiff.

The plaintiff brought this complaint in June, 1977, seeking a mandatory injunction reinstating him as chief deputy sheriff and granting him his salary for the period of his suspension. At the time this case was decided in the Superior Court, the indictments against the plaintiff were still pending.[3] The trial judge ruled that the attempted suspension of the plaintiff was tantamount to his removal from office and that, under G. L. c. 221, § 72, as then amended, a chief deputy could be removed from office by a sheriff only with the approval of the justices of the court to whose service he was appointed.[4] The attempted removal of the plaintiff was held to be ineffective

---

[2] The plaintiff had been appointed a court officer of the Appeals Court in 1973, pursuant to G. L. c. 221, § 69.

[3] Because the plaintiff was not indicted "for misconduct in [his public] office or employment," the sheriff did not have the power to suspend him under G. L. c. 268A, § 25.

[4] General Laws c. 221, § 72, as appearing in St. 1972, c. 740, § 10, has since been amended by St. 1978, c. 478, § 252. Under the recent amendment, officers appointed to attend upon the sessions of the Supreme Judicial Court, the Appeals Court, and the Superior Court hold office during good behavior until they are removed by the Chief Administrative Justice for cause. References in this opinion to G. L. c. 221, § 72, are to that section prior to its 1978 amendment.

in the absence of the approval of the Justices of the Appeals Court.[5] The judge rejected the plaintiff's request for reinstatement, but he entered a judgment ordering the sheriff to pay the plaintiff's salary during the period of his suspension from office "unless and until [he] is removed from office pursuant to [G. L. c. 221, § 72]." The sheriff has appealed. A Justice of the Appeals Court stayed the judgment pending appeal, and we transferred the appeal here on our own motion. We vacate the judgment.

We conclude that the plaintiff was not removed but rather was suspended from office. See O'Hara v. Commissioner of Pub. Safety, 367 Mass. 376, 381 (1975). That is the clear intent of the sheriff's letter of December 3, 1976. We further conclude that the authority under G. L. c. 221, § 72, to remove a chief deputy sheriff or a court officer includes within it the authority to suspend the employment of such a person. It would be a strange situation indeed if a sheriff had authority only to remove a court officer and not to impose any lesser penalty. Not every misdeed or alleged misdeed by a court officer would require his removal from office, and yet some discipline or action to protect the public interest might be necessary. See G. L. c. 268A, § 23(f). We decline to construe the authority under G. L. c. 221, § 72, as limited to the removal of a court officer; we recognize the sheriff's right to suspend a court officer "for cause approved by the justices of the court for attendance upon which [he was] appointed." G. L. c. 221, § 72.[6]

---

[5] The Justices of the Appeals Court took no action on the sheriff's order of suspension and, as far as appears on the record, neither the plaintiff nor the sheriff ever asked that they do so. We were informed at oral argument, however, that the sheriff did ask the Justices of the Appeals Court to approve the suspension after the Superior Court's decision in this case, but that they declined to act because the sheriff's appeal from that decision was then pending before the Appeals Court.

The plaintiff does not argue that the removal procedures violate his right to due process of law. See Stetson v. Selectmen of Carlisle, 369 Mass. 755, 761-762 (1976).

[6] We note that G. L. c. 268A, § 23(f), as appearing in St. 1962, c. 779,

.The only remaining question is the effect of the Justices' failure to approve the cause for the plaintiff's suspension. Section 72 does not require the prior approval of the Justices, nor does it prescribe any time limit within which the Justices must act to approve or disapprove a sheriff's removal or suspension of a court officer. Compare G. L. c. 221, § 72, with G. L. c. 31, § 43(a). Cf. *Murphy* v. *Casey*, 300 Mass. 232, 236 (1938). In this case, where any appeal of a conviction of the plaintiff would have been entered in the Appeals Court, the Justices of that court may have been reluctant to act on the plaintiff's suspension until the criminal proceedings were concluded. Such a position seems reasonable, particularly in the absence of any request by the plaintiff that the Justices act on his suspension or that the sheriff formally submit the question to them.

Under the interpretation we have given to G. L. c. 221, § 72, the sheriff should have submitted his order of suspension to the Justices of the Appeals Court for action. Sending them a copy of his letter of suspension was not a request for action. In the special circumstances of this case, we think it would be appropriate, if the plaintiff wishes, for the Justices of the Appeals Court to act on this matter at this time. The judgment awarding the plaintiff compensation is vacated, and the case is remanded to the Superior Court. If, within thirty days of the date of the

gives the sheriff the power to take "appropriate administrative action as is warranted" where a court officer has pursued "a course of conduct which will raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust." Section 23(f) does not require the approval of the justices of the court to whose service the court officer was appointed. Nevertheless, we read the entire statutory scheme (G. L. c. 221, § 72, G. L. c. 268A, §§ 23[f] and 25) as requiring the approval of the justices for the suspension of a court officer where there has been no indictment for misconduct in office. To read G. L. c. 268A, § 23(f), as giving the sheriff a general power to suspend or remove the plaintiff without the approval of the justices would ignore the provisions of G. L. c. 268A, § 25, and G. L. c. 221, § 72.

rescript in this case, the plaintiff moves for the entry of judgment directing the sheriff to submit the question of his suspension as of December 3, 1976, to the Justices of the Appeals Court for their approval or disapproval, and if, contrary to the indication at argument,[7] the sheriff has not already made such a submission, judgment shall be entered accordingly. If no such motion is seasonably filed, or if the sheriff has already made such a submission, judgment shall be entered dismissing the complaint.[8] If the plaintiff wishes the Justices of the Appeals Court to act on the question of his suspension before his criminal appeals have been disposed of, he may request such action.

*So ordered.*

---

[7] See note 5, *supra.*

[8] There are no further issues to be resolved. We were informed at argument that the plaintiff has been convicted on three counts of violating G. L. c. 268A, § 2(b), and has claimed appeals. An indictment for conspiracy to violate G. L. c. 274, § 7, is still pending. General Laws c. 268A, § 2(d), as amended through St. 1964, c. 287, provides that "in the event of final conviction [the convicted party] shall be incapable of holding any office of honor, trust or profit under the commonwealth or under any state, county or municipal agency." The plaintiff has abandoned his claim to reinstatement and to back pay since the date of his convictions.