15 Mass. App. Ct. 535 (1983)
446 N.E.2d 1099
ROBERT L. DUPREE
vs.
SCHOOL COMMITTEE OF BOSTON.
Appeals Court of Massachusetts, Suffolk.
December 10, 1982.
March 29, 1983.
Present: BROWN, GREANEY, & DREBEN, JJ.
Mary Jo Hollender, Special Assistant Corporation Counsel (Michael J. Betcher, Special Assistant Corporation Counsel, with her) for the defendant.
Matthew E. Dwyer for the plaintiff.
DREBEN, J.
After his indictment for possession with intent to distribute cocaine, the plaintiff, a nontenured junior high school teacher, was suspended by the school committee under G.L.c. 268A, § 25.[1] He brought this action for *536 declaratory relief and sought payment of his salary and other benefits withheld during the period of his suspension. A judgment entered in the Superior Court awarding the plaintiff the amount of his withheld salary and declaring that:
"1. The plaintiff's indictment on April 10, 1981, by a Suffolk County Grand Jury on charges of possession of a controlled substance, Class B (cocaine) with intent to distribute did not amount to `misconduct' in his public `office or employment' as a schoolteacher in the Boston Public Schools because the alleged criminal conduct was unconnected to his school-related duties, activities or contacts.
"2. Consequently, the defendants had no authority under M.G.L.c. 268A, § 25 to suspend the plaintiff without pay during the pendency of the criminal proceedings against him."
We reverse.
The facts are undisputed. As recited by the judge, "Plaintiff's indictment for possession of a controlled substance with intent to distribute followed as a result of his late-evening arrest outside a Boston tavern and a subsequent search of his apartment, where 2.8 grams of cocaine were seized. There has never been an allegation, in the indictment or otherwise, that the plaintiff engaged in misconduct on school grounds, during work hours, or with school personnel or students."[2]
*537 The issue before us is whether the plaintiff was indicted for misconduct "in ... office or employment" within the meaning of G.L.c. 268A, § 25.[3]
An indictment for a crime arising from an employee's off-duty conduct is not generally considered misconduct in office under G.L.c. 268A, § 25. Tobin v. Sheriff of Suffolk County, 377 Mass. 212, 213 & n. 3 (1979). There are, however, circumstances where the crime charged, no matter where or when performed, is so inimical to the duties inherent in the employment that an indictment for that crime is for misconduct in office. Cf. Attorney Gen. v. Tufts, 239 Mass. 458, 482 (1921) (removal of district attorney under G.L.c. 211, § 4); Opinion of the Justices, 308 Mass. 619, 627, 629 (1941) ("misconduct and mal-administration in their offices," Massachusetts Constitution, Part II, c. 1, § 2, art. 8); Bunte v. Mayor of Boston, 361 Mass. 71, 76 (1972) ("misconduct in office" for purposes of G.L.c. 121B, § 6, could be shown by the "intentional violation of a known and significant rule or duty inherent in the obligations of [the] office").
For example, where a police officer is indicted, suspension "under such a procedure as G.L.c. 30, § 59,[[4]] is nearly automatic." Commissioners of Civil Serv. v. Municipal *538 Court of the Brighton Dist., 369 Mass. 166, 173, cert. denied sub nom. Patuto v. Commissioners of Civil Serv., 429 U.S. 845 (1976). As put, albeit in another context, in Huntoon v. Quincy, 349 Mass. 9, 14 (1965), "When a police officer is formally charged with participation in criminal activities, his capability of performing his responsibilities to the public is gravely challenged. An entity of government cannot permit him to exercise his powers as a police officer until the doubt raised by the challenge is dispelled." Cf. Mayor of Medford v. First Dist. Court of E. Middlesex, 249 Mass. 465, 470 (1924) (off duty conduct may be of such a nature as to show policeman "unfit to continue to act as a police officer"); Broderick v. Police Commr. of Boston, 368 Mass. 33, 42 (1975), cert. denied, 423 U.S. 1048 (1976) (inquiry into private matters of police officers appropriate in areas where "private conduct may be deemed to have spilled over into the realm of official concern").
Teachers, too, are in a position of special public trust. As role models for our children they have an "extensive and peculiar opportunity to impress [their] attitude and views" upon their pupils. Faxon v. School Comm. of Boston, 331 Mass. 531, 534 (1954). More particularly, they also have special obligations to their pupils as to drugs. This is so not only because of the "frightening increase of drug use among the students," Tenth Interim Report of the Special Commission on Drug Abuse, 1974 House Doc. No. 5308, at 11, but because G.L.c. 71, § 1, inserted by St. 1974, c. 753, specifically requires that "instruction as to the effects of ... narcotics on the human system ... be given to all pupils in all schools under public control."
In view of this statutory duty and the legitimate concern over the use of drugs by students, we think it within the discretion of the school committee to consider the indictment for possession of cocaine with intent to distribute to be an "indictment for misconduct ... in office." The school committee could reasonably have decided that the plaintiff's alleged conduct with respect to drugs violated a "known and significant ... duty inherent in the obligations *539 of his office," Bunte v. Mayor of Boston, 361 Mass. at 76, which severely impaired his value as a teacher and was in direct conflict "with the message his teaching should impart," McLaughlin v. Machias Sch. Comm., 385 A.2d 53, 56 (Me. 1978). See Tomerlin v. Dade County Sch. Bd., 318 So. 159, 160 (Fla. App. 1975); Wishart v. McDonald, 500 F.2d 1110, 1115 (1st Cir.1974). Cf. McCaffrey v. School Comm. of Haverhill, 352 Mass. 516, 518 (1967).
We recognize that Tobin v. Sheriff of Suffolk County, 377 Mass. at 213 n. 3, indicates that an indictment of a deputy sheriff, an officer of the court, "arising from the alleged bribery of the mayor of Revere," is not an indictment for misconduct in office under c. 268A, § 25. Although there is considerable force in the plaintiff's argument, adopted by the trial judge, that such an indictment is incongruous with the position of trust held by a deputy sheriff, see G.L.c. 272, § 54, see also Massachusetts Bar Assn. v. Cronin, 351 Mass. 321, 323, 326 (1966), we think Tobin is to be distinguished.
In addition to G.L.c. 71, § 1, which provides for instruction as to drugs, we note that statutes from colonial days forward recognize the unique position of teachers as examples to our youth and charge them to "exert their best endeavors to impress on the minds of children and youth committed to their care and instruction" the values basic to our society. G.L.c. 71, § 30. See also G.L.c. 71, § 38, as amended through St. 1981, c. 96, requiring school committees to have "full and satisfactory evidence of [teachers'] moral character," and G.L.c. 71, § 38G.
This special role of teachers on impressionable and not fully tutored minds distinguishes them from other public officials and, we think, also informs the term "misconduct in office" as applied to teachers. For this reason, and because of the specific statutory duty of drug education imposed on schools in G.L.c. 71, § 1, we view an indictment of a teacher for a drug felony to be sufficiently different from the circumstances in Tobin for that case not to govern here.
*540 General Laws c. 268A, § 25, as we have construed it, provides a sensible supplement by the Legislature to the provisions of G.L.c. 71. Judicial interpretation of G.L.c. 30, § 59, see note 4, supra, indicates that the remedy in G.L.c. 71, § 42D, does not preclude the application of G.L.c. 268A, § 25. In Bessette v. Commissioner of Pub. Works, 348 Mass. 605, 608 (1965), the argument that G.L.c. 30, § 59, was applicable only to persons to whom the civil service procedures of c. 31 do not apply, was soundly rejected: "Chapter 30, § 59, is dominant in its purpose and its terms." See also Reynolds v. Commissioner of Commerce & Dev., 350 Mass. 193, 195, cert. denied, 384 U.S. 1001 (1966).
If the plaintiff's interpretation of G.L.c. 268A, § 25, were adopted (extending Tobin to this case), the only remedy available to remove a teacher indicted for a drug felony from the payroll, or perhaps even from the classroom, see Setterlund v. Groton-Dunstable Regional Sch. Comm., 382 Mass. 328, 331 (1981) (assignment which excludes teacher "from the job or category of teacher" constitutes dismissal), would be dismissal under G.L.c. 71, § 42. As we indicated earlier, suspension under G.L.c. 71, § 42D, may be effected for only one month. See note 3, supra. While dismissal has occurred upon indictment alone, Freeman v. Bourne, 170 Mass. 289, 294-295 (1898) (school superintendent dismissed because of indictment for adultery), in some cases that may be a draconian remedy.[5] "[I]t will often make for sense and fair play to wait and see what happens under the indictment." Commissioners of Civil Serv. v. Municipal Court of the Brighton Dist., 369 Mass. at 173. See Johnson v. Board of Educ., 101 Ariz. 268, 273 (1966) (mere bringing of criminal charges not sufficient *541 cause to cancel contract). Cf. Ott v. Board of Educ., 160 N.J. Sup. 333, 341 (1978) (equitable considerations involved if disciplinary proceeding is to continue prior to trial). Moreover, as pointed out in Bessette, 348 Mass. at 608, "administrative hearings" and court review may be inappropriate "for suspension because of indictment."
Accordingly, the judgment is reversed, and the matter remanded to the Superior Court for the entry of a new judgment consistent with this opinion.
So ordered.
NOTES
[1] General Laws c. 268A, § 25, inserted by St. 1972, c. 257, provides in relevant part: "An officer or employee of a county, city, town or district, howsoever formed, including, but not limited to, regional school districts and regional planning districts, or of any department, board, commission or agency thereof may, during any period such officer or employee is under indictment for misconduct in such office or employment or for misconduct in any elective or appointive public office, trust or employment at any time held by him, be suspended by the appointing authority, whether or not such appointment was subject to approval in any manner....

"Any person so suspended shall not receive any compensation or salary during the period of suspension....
"....
"If the criminal proceedings against the person suspended are terminated without a finding or verdict of guilty on any of the charges on which he was indicted, his suspension shall be forth with removed, and he shall receive all compensation or salary due him for the period of his suspension...."
[2] We take notice of the fact that Dupree was convicted under the indictment, sentenced thereon, and that his appeal from the conviction is now pending.
[3] The school committee proceeded under G.L.c. 268A, § 25, as the statute providing for suspension of teachers, G.L.c. 71, § 42D, appears not to authorize a suspension for a period exceeding one month. As pointed out in O'Donnell v. Norwood, 346 Mass. 394, 396 (1963), prior to St. 1914, c. 714, § 4, "the right of the school committee to dismiss a teacher for any good cause appears to have been absolute." The power to dismiss included the power to suspend. Ibid. At the time of the O'Donnell case, G.L.c. 71, § 42 (the dismissal statute), specifically permitted suspension, providing: "Neither this nor the preceding section shall affect the right of a committee to suspend a teacher or superintendent for unbecoming conduct...." Shortly after the O'Donnell case, St. 1966, c. 185, § 1, amended § 42, "by striking out ... the words `to suspend a teacher or superintendent for unbecoming conduct'...." Section 3 of c. 185 inserted c. 71, § 42D, which limits the period of teacher suspension to one month.
[4] General Laws c. 30, § 59, is nearly identical to G.L.c. 268A, § 25, except that it applies to State employees.
[5] We note that 603 Code Mass. Regs. § 7.02(23)(a)(3) (1982), provides that the certification necessary for teachers to be legally employed (G.L.c. 71, § 38G; 603 Code Mass. Regs. § 7.02[4]) may be revoked by the Board of Education if it is determined that "the holder of the certificate is convicted [emphasis supplied] in a court of law of a felony involving moral turpitude, or of any other felony of such nature that in the opinion of the Board the person so convicted discredits the profession or brings into disrepute the certificate."