THE GOVERNOR & another[1] vs. JOHN P. McGONIGLE.

Suffolk. July 12, 1994. - August 3, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Governor. Sheriff. Public Officer. Public Employment,* Removal, Suspension.

The existence of a Federal indictment charging the sheriff of the county of
    Middlesex with serious crimes of corruption in the conduct of his office
    was "sufficient cause . . . shown" for this court to enter an order tempo-
    rarily suspending the sheriff from office pursuant to its power under
    G. L. c. 211, § 4, as the public good required. [559-560]
The court declined to decide whether it had the authority, under G. L. c.
    211, § 4, or otherwise, to order the withholding of the compensation of
    a sheriff whom the court had suspended temporarily because of his in-
    dictment on Federal charges, where the sheriff had conceded that in
    such circumstances his compensation should be suspended. [560]
Where, by operation of G. L. c. 37, § 5, the special sheriff is to perform
    the official duties of a sheriff temporarily suspended from office, the
    provisions of G. L. c. 54, § 142, authorizing the Governor to fill a va-
    cancy in that office, have no application. [560-561]

CIVIL ACTION commenced in the Supreme Judicial Court
for the Commonwealth on July 1, 1994.

A hearing was held before the full court.

*R. Michael Cassidy* for the Governor & another.

*Jack I. Zalkind* for John P. McGonigle.

*Morris M. Goldings* for Anthony M. Sasso.

WILKINS, J. On July 12, 1994, pursuant to our authority
under G. L. c. 211, § 4 (1992 ed.), this court entered an
order that temporarily suspended John P. McGonigle as
sheriff of the county of Middlesex until further order of this
court. Because of McGonigle's concession that, in such cir-

---

[1]The Attorney General.

cumstances, his compensation should be suspended, we also ordered that McGonigle should not receive any further compensation as sheriff, until further order of this court.

On that day, we allowed Anthony M. Sasso, special sheriff of Middlesex County, to intervene as a respondent seeking a declaration that, in the circumstances and pursuant to G. L. c. 37, § 5 (1992 ed.), the special sheriff is to perform the duties of the sheriff during his unavailability. We agreed and declared that, because of the provisions of G. L. c. 37, § 5, the special sheriff is to perform the official duties of the sheriff of the county of Middlesex during the temporary suspension of the sheriff.[2] This opinion is entered in explanation of that order.

In *McGonigle* v. *The Governor, ante* 147 (1994), this court held that the Governor of the Commonwealth did not have the authority, pursuant to G. L. c. 268A, § 25 (1992 ed.), to suspend McGonigle from the office of sheriff. We noted that the Governor had filed a separate action before the court seeking to invoke this court's authority permanently to remove McGonigle as sheriff pursuant to G. L. c. 211, § 4. *Id.* at 152. We stated that, although § 4 "does not specifically enumerate the authority to suspend such an official, it is clear that the power to remove an official includes within it the authority to suspend that individual." *Id.* at 151.

1. A majority of the Justices may remove a sheriff from office if "sufficient cause is shown" and if "it appears that the public good so requires." We apply the same standard in

---

[2]The substantive portion of the order reads as follows: "It is hereby Ordered that:

"(1) John P. McGonigle is hereby temporarily suspended as sheriff of the County of Middlesex until further order of this court, and, during the period of that temporary suspension, pursuant to his concession, the compensation of John P. McGonigle is suspended from this date forth, until further order of this court;

"(2) Pursuant to General Laws, Chapter 37, Section 5, the special sheriff of the County of Middlesex is to perform the official duties of the sheriff of the County of Middlesex during the temporary suspension of John P. McGonigle; and

"(3) Opinion or opinions shall follow."

determining whether the sheriff should be suspended, but, when the question is only suspension and not removal, "sufficient cause" need not rise to the same level as sufficient cause to remove.

The existence of a Federal court indictment charging the sheriff with serious crimes of corruption in the conduct of his office required that we suspend him from office while those charges are pending. The public good required such a suspension because it would be inappropriate for a sheriff, while under indictment, to continue to operate county correctional facilities and to participate in the Commonwealth's criminal justice system. The fact of the indictment itself presented sufficient cause to require the suspension. Although an indictment, which is based solely on a finding of probable cause, would not alone present sufficient cause to remove a sheriff from office, the indictment itself provided sufficient cause for a suspension. Our conclusion that there was sufficient cause to suspend the sheriff was not founded, therefore, in any respect on a determination that there is "sufficient cause" to believe that the sheriff committed any crime with which he has been charged.

2. We need not decide whether this court has the authority under G. L. c. 211, § 4, or otherwise, to order the withholding of the compensation of a sheriff whom we have suspended temporarily. No statute explicitly so provides. In his brief to this court the sheriff stated that "[a] suspension under G. L. c. 211, § 4 should be without compensation."

3. Once a sheriff is suspended temporarily from office, the special sheriff by statute is to perform the official duties of sheriff. G. L. c. 37, § 5. "If, by reason of illness, absence, interest or otherwise, the sheriff is unable to perform his official duties, they shall be performed by the special sheriff . . . ." *Id.* Because of our order, the sheriff is unable to perform his official duties. By operation of law, and not by any exercise of this court's discretion, the special sheriff assumes the official duties of sheriff.

The temporary suspension did not remove the sheriff from office. See *Tobin* v. *Sheriff of Suffolk County*, 377 Mass.

212, 214 (1979). Because the temporary suspension did not create a vacancy in the office of sheriff, the authority of the Governor under G. L. c. 54, § 142 (1992 ed.), to appoint someone to fill a vacancy in that office has no application. The existence of G. L. c. 37, § 5, providing for situations in which the sheriff's unavailability would be or might be temporary, leads us to reject the argument that the Governor has authority under G. L. c. 54, § 142, to fill a temporary "vacancy." Our conclusion that the sheriff should be temporarily suspended from performing the duties of his office and that the period of his suspension should depend on the continuance of the criminal proceedings is consistent with the public policy stated in G. L. c. 268A, § 25 (1992 ed.), and applicable to certain other public officers and employees indicted for misconduct in office.

4. This court's experience with this proceeding and with *McGonigle* v. *The Governor*, *supra*, prompts the comment that the Legislature may wish to make provision for the temporary suspension of a sheriff and or any other elected county official who is subject to indictment.[3]

---

[3]No one has asserted that, in the circumstances, this court should not make a declaration concerning the proper official to perform the duties of sheriff during the temporary suspension. See *Williams* v. *Secretary of the Executive Office of Human Servs.*, 414 Mass. 551, 551 n.3 (1993).