FIRE CHIEF of EAST BRIDGEWATER *vs.* PLYMOUTH COUNTY
RETIREMENT BOARD & another.[1]

No. 97-P-1940.

Plymouth. February 8, 1999. - June 3, 1999.

Present: ARMSTRONG, BROWN, & PORADA, JJ.

*Practice, Civil,* Relief in the nature of certiorari. *Administrative Law,* Substantial evidence. *Public Employment,* Misconduct, Termination. *Fire Fighter.*

Substantial evidence supported a county retirement board's conclusion that the dismissal of a fire fighter by the fire chief was arbitrary and unreasonable. [70-72]

CIVIL ACTION commenced in the Superior Court Department on September 30, 1996.

The case was heard by *John J. O'Brien,* J.

*Stanley L. Weinberg* for the plaintiff.

*Kristin Glennan McGurn* for Plymouth County Retirement Board.

BROWN, J. Edward Smith was terminated from his employment as a firefighter with the town of East Bridgewater fire department (department) on May 22, 1996. He appealed his termination to the Plymouth County retirement board (board) pursuant to G. L. c. 32, § 16(2).[2] The board found that Smith's dismissal contravened G. L. c. 32, § 16(2),[3] and was not justi-

---

[1]Edward Smith.

[2]General Laws c. 32, § 16(2), was abolished on November 7, 1996, pursuant to § 19 of chapter 306 of the Acts of 1996, a few months after the board's hearing in this case.

[3]General Laws c. 32, § 16(2), as amended through St. 1967, c. 826, § 22, provided, in pertinent part, "The removal or discharge of any member in service classified in Group 1, Group 2 or Group 4 who . . . is a veteran and has completed ten or more years of creditable service, shall not become effective unless and until a written notice thereof containing a fair summary of the

fied because "it was arbitrary, unreasonable and not manifestly supported by the evidence."

Upon review of an action in the nature of certiorari filed by the chief of the department, Ryon T. Pratt, in the Superior Court pursuant to G. L. c. 249, § 4, a Superior Court judge determined that the board did not make any substantial errors of law that would adversely affect material rights of the plaintiff, and that the board's decision was reasonable and grounded upon a tenable legal basis. There was ample evidence before the board to support its findings, which in turn justified its conclusion. Accordingly, we affirm the judgment of the Superior Court.

Here is a brief scenario of the relevant events. An application for a criminal complaint was filed against Smith in the Brockton District Court by the department on June 19, 1995, alleging that on July 18, 1994, Smith had committed an indecent assault and battery on a person.[4] After the complaint was filed against him, Smith was placed on administrative leave by Fire Chief Pratt. On April 18, 1996, Smith admitted to sufficient facts to warrant a finding of guilty and the case was continued without a finding until April 15, 1997.[5] See G. L. c. 278, § 18, as appearing in St. 1992, c. 379, § 193.

On April 23, 1996, Chief Pratt notified Smith that a hearing would be held on May 3, 1996, to determine whether Smith's conduct relative to the criminal complaint was "conduct unbecoming and misconduct or gross misconduct affecting your work environment . . . ." On May 4, 1996, Smith requested a two-week postponement so that he could obtain legal counsel and prepare his defense. Smith further requested a list of the offenses, a list of witnesses, incident reports and departmental records pertaining to his employment from July 1, 1994, to the present, and copies of any documents that would be used against him in the proceedings. On May 6, 1996, Chief Pratt responded to Smith, denying his request for a postponement, and informing him that he (Smith) was the prime witness and that the

---

facts upon which such action was based has been filed with the board. . . . Unless the board shall find that such removal or discharge was justified, such member shall forthwith be restored to his office or position without loss of compensation."

[4]Smith allegedly assaulted the wife of a fellow firefighter while Smith was off duty.

[5]Smith was placed on probation, with special conditions for one year, assessed fees in the amount of $360, and ordered to undergo a sexual evaluation and follow-up counseling if indicated.

prime document was Smith's statement to the police regarding his alleged criminal conduct. The hearing was held the same day.

After the hearing, Smith was notified by registered mail on or about May 17, 1996, that his employment was terminated, effective immediately, for conduct unbecoming.[6] On June 6, 1996, Smith filed a request with the board for a hearing pursuant to G. L. c. 32, § 16(2).

On June 25, 1996, the board held a justification hearing. The board admitted in evidence East Bridgewater's purported fair summary of the facts.[7] The board heard the testimony of Chief Pratt and Smith and afforded the parties an opportunity to submit legal memoranda prior to the board's next regularly scheduled meeting.

On July 9, 1996, East Bridgewater's counsel submitted a brief in support of the town's position. The board received a letter from Smith on July 26, 1996, informing it that he could not be present at the next meeting. The board met on July 31, 1996, to evaluate the evidence and consider the matter. The board addressed two questions to determine whether Smith's termination was justified: "(a) was a fair summary of the facts filed with the Board, in compliance with the procedure for delivery of copies and notice set forth in M. G. L. c. 32, § 16(1) and (b) if the proper procedure was followed, was the termination justified, i.e. supported by the evidence considered by East Bridgewater when it made its decision to terminate Smith."

In its findings and decision the board found, upon a review of the record evidence, that a fair summary of the facts had been filed in conformity with c. 32, § 16(1). The board made specific findings based on the evidentiary record limited by the scope of review prescribed under G. L. c. 32, § 16(2).[8] Pursuant to G. L. c. 32, § 16(2), the board concluded that "Smith's dismissal was not justified, as it was arbitrary, unreasonable and not manifestly

---

[6]The effective date of the termination was amended to May 22, 1996, because Smith did not receive notice of his termination until May 21, 1996.

[7]The fair summary of the facts included the May 17, 1996, termination letter from Chief Pratt sent to Smith and the rules and regulations for the department.

[8]Under G. L. c. 32, § 16(2), the board properly may "find arbitrary and unreasonable a removal based on findings that manifestly lack support in the appointing authority's evidentiary record." *Georgetown* v. *Essex County Retirement Bd.*, 29 Mass. App. Ct. 272, 275 (1990).

supported by the evidence."[9] Compare *Cambridge* v. *Civil Serv. Commn.*, 43 Mass. App. Ct. 300, 303 (1997) ("A decision is arbitrary and capricious when it lacks any rational explanation that reasonable persons might support").

I. *Standards for judicial review.*

A. *General Laws c. 249, § 4.* Chief Pratt, being aggrieved by the board's decision rendered pursuant to G. L. c. 32, § 16(2), filed an action against the board and Smith in the nature of certiorari in the Superior Court pursuant to G. L. c. 249, § 4.[10] "The relief sought in an action in the nature of certiorari is 'to correct substantial errors of law apparent on the record adversely affecting material rights.' *Commissioners of Civil Serv.* v. *Municipal Ct. of Boston*, 369 Mass. 84, 90 (1975), quoting from *Sullivan* v. *Committee on Rules of the House of Representatives*, 331 Mass. 135, 139 (1954)." *Cambridge Hous. Authy.* v. *Civil Serv. Commn.*, 7 Mass. App. Ct. 586, 587 (1979). " '[T]he standard of judicial review under the certiorari statute takes its color from the nature of the administrative action that is being examined.' *Wightman* v. *Superintendent, M.C.I., Walpole*, 19 Mass. App. Ct. 442, 445 (1985), citing *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph*, 19 Mass. App. Ct. 296, 300 (1985)." *Superintendent of Public Works of Attleboro* v. *Attleboro Contributory Retirement Bd.*, 38 Mass. App. Ct. 130, 133 (1995).

B. *General Laws c. 30A.* We decided in *Georgetown* v. *Essex County Retirement Bd.*, 29 Mass. App. Ct. 272 (1990), that "[t]he 'substantial evidence' test makes sense when it is applied

---

[9]The board also determined that Chief Pratt was unreasonable and acting in bad faith when he denied the continuance that Smith requested. "Given the short notice of the hearing and that Smith had been on an unpaid administrative leave for over a year, East Bridgewater would not have been unduly prejudiced by such a continuance. It is also disingenuous for the Department to argue that a postponement would have cost the town more money, since Smith requested a continuance two days prior to the scheduled hearing, which was more than enough time to postpone the hearing without the Department suffering financial harm. We . . . find . . . [the] Department's claims of jeopardizing public safety by granting Smith's request for a continuance a bit perplexing, given that the Department had apparently been functioning adequately for a year without Smith's services. Finally, Smith was previously represented by counsel who had withdrawn from the matter just prior to the hearing; equity and fairness would have warranted a continuance."

[10]"No right of judicial review lay under G. L. c. 30A, § 14, because a county retirement board is not an 'agency' as defined in G. L. c. 30A, § 1(2)." *Georgetown* v. *Essex County Retirement Bd.*, 29 Mass. App. Ct. at 273 n.2.

to evaluate articulated subsidiary findings against the evidentiary record that was . . . the basis for them — a process that is normally the crux of judicial review of adjudicatory decisions under the State Administrative Procedure Act, G. L. c. 30A, §§ 11(8) and 14(7)(*e*)." *Id.* at 274. "Thus, in these circumstances the issue on review in this court is simply whether the [board's] findings were supported by substantial evidence on the record as a whole." *Cambridge Hous. Authy.* v. *Civil Serv. Commn., supra* at 588.

## II. *The board's decision.*

We review the board's bases for rejecting Chief Pratt's contentions. First, the board found that Chief Pratt's reason for terminating Smith was not supported by the department's rules.[11] "[T]he Rules relating to prohibited conduct . . . pertain to conduct *while on duty or in uniform.* . . . Since Smith's actions did not occur while he was on duty or in uniform, the department cannot invoke the rules regarding conduct unbecoming as a basis for terminating Smith." The "conduct unbecoming a member" that by the department rules may be deemed "prohibited conduct" is specifically limited to acts and activities "while on duty or in uniform." Thus, the board rightly found that Chief Pratt's conclusion that Smith had violated the department's rules of conduct lacked justification. Compare *School Comm. of Brockton* v. *Civil Service Commn.*, 43 Mass. App. Ct. 486 (1997) (private sexual conduct is not conduct unbecoming a school janitor absent a nexus to his work). Contrast *School Comm. of Brockton* v. *Teachers' Retirement Bd.*, 393 Mass. 256, 263-264 (1984) (agency's decision was

---

[11]The department rules provide as follows:

"*Rules Relating to Conduct*

"Every member of the East Bridgewater Fire Department is expected to operate in a highly self-disciplined manner and is responsible to regulate his/her own conduct in a positive, productive and mature way. Failure to do so will result in disciplinary actions.

"*Prohibited Conduct* — The following acts, actions or activities by department personnel are prohibited or restricted *while on duty or in uniform* [emphasis supplied]:

"1. *Conduct Unbecoming a Member* — The commission of any specific act or acts of immoral, improper, disorderly or intemperate personal conduct which reflects discredit upon the member himself, upon his fellow members or upon the Fire Department.

"2. *Criminal Conduct* — The commission of any felony or misdemeanor, or the violation of the criminal laws or statutes of the United States or of any local jurisdiction."

improperly based upon de novo review, and therefore "made upon unlawful procedure"). An appointing authority is bound by its own regulations. Cf. *Northbridge* v. *Natick,* 394 Mass. 70, 76 (1985).

Second, the board rejected Chief Pratt's assertion that Smith's admission to sufficient facts rose to the level of conduct unbecoming because it was equivalent to his pleading guilty.[12] The board correctly determined that Smith's admission was not akin to a guilty plea and, further, that if Smith completed his probationary period without violating the terms of his probation or committing another offense, all charges against him would then be dismissed and he would have no criminal conviction on his record.[13] See *Commonwealth* v. *Jackson,* 45 Mass. App. Ct. 666, 670 (1998). See also *Commonwealth* v. *Pyles,* 423 Mass. 717, 721-722 & n.7 (1996). Contrast *Luk* v. *Commonwealth,* 421 Mass. 415, 418 n.6 (1995). Based on the dual premises that the charges could be dismissed and the offense was not committed while on duty or in uniform, the board concluded that Chief Pratt had not produced sufficient evidence to support a finding that Smith's alleged criminal acts rose to the level of conduct unbecoming under department regulations.

Third, the board determined that Chief Pratt's claim that Smith was unable to work with other firefighters was without merit. The board noted that the offense occurred on July 18, 1994, the complaint was issued on June 19, 1995, and during the intervening year, Smith performed his duties without incident.

The board's decision was correct. The board acted within its authority under G. L. c. 32, § 16(2), in basing its decision on the evidence presented at the hearing on July 31, 1996.

III. *The Superior Court's decision.*

---

[12]Smith's criminal case was continued without a finding, based on his admission to sufficient facts that would warrant a finding of guilty. The board determined that this was not akin to a guilty plea; "rather, if Smith completes his probationary period without violating the terms of his probation or committing a crime, all charges against him will be dismissed."

[13]"A plea of guilty tendered pursuant to G. L. c. 278, § 18, is not the entry of a formal guilty plea and is, therefore, not a conviction." *Commonwealth* v. *Jackson,* 45 Mass. App. Ct. 666, 670 (1998). *Commonwealth* v. *Jones,* 417 Mass. 661, 663 (1994), is not to the contrary. It treats an admission of sufficient facts as the equivalent of a guilty plea for purposes of G. L. c. 278, § 29D (regarding immigration status). See Smith, Criminal Practice and Procedure § 1202, at 544 (Supp. 1999).

On judicial review under G. L. c. 30A, "[a] decision of [a retirement board] may be set aside only if based upon an error of law or unsupported by substantial evidence." *Robinson* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 634, 636 (1985). The Superior Court's review of the board's decision entails a review for error that the board may have committed under one of the sections of G. L. c. 30A, § 14(7). The court found no error. Contrast *Georgetown* v. *Essex County Retirement Bd.*, 29 Mass. App. Ct. at 274-275. We likewise discern no error, applying the circumscribed review permitted us under the substantial evidence standard. See discussion in *Hotchkiss* v. *State Racing Commn.*, 45 Mass. App. Ct. 684, 695-696 (1998).

We do recognize that "although 'a crime arising from an employee's off-duty conduct is not generally considered misconduct in office . . . . [t]here are . . . circumstances where the crime charged, no matter where or when performed, is so inimical to the duties inherent in the employment that an indictment for that crime is for misconduct in office.' " *Attorney Gen.* v. *McHatton*, 428 Mass. 790, 793 (1999), quoting from *Dupree* v. *School Comm. of Boston*, 15 Mass. App. Ct. 535, 537 (1983). That is not the case here. In *McHatton*, the Supreme Judicial Court referred to case law construing "misconduct in office" as it appears under statutory provisions and in the Massachusetts Constitution respectively, governing the removal of members of housing authorities and regarding the impeachment of State officers. *McHatton* and other cases decided by the Supreme Judicial Court and this court upholding the discharge of police officers for inappropriate behavior "while off duty" (collected in *McHatton, supra* at 794) are distinguishable because they turn on conduct that brings "public distrust of law enforcement personnel."

*Judgment affirmed.*