Fremont-Smith, J.
In this case, where it is uncontroverted that plaintiff had operated and maintained a solid waste transfer station for many years prior to the enactment of G.L.c. 111, §150A, plaintiff contends that the local board of health (“the Commission”) erred in requiring plaintiff to obtain a site assignment for such facility because §150A was intended to create an implied grandfather exemption for pre-existing facilities, such as plaintiffs.
For the reasons stated below, the court allows defendant’s motion for judgement on the pleadings and denies plaintiffs cross-motion.
I. Implied Grandfather Clause in G.L.c. Ill, §150A
Lyons argues it is not required to obtain a site assignment for the waste transfer station, which has been in operation since 1964, because there is an “implied, grandfather clause” in the statute.[1] G.L.c. Ill, §150A, as amended in 1970 to include waste transfer stations, reads in part that “no place in any city or town shall be maintained or operated by any person .. . unless such place has been assigned by the department . . .” (emphasis added). Additionally, the statute defines the word “maintain” as “to establish, keep or sustain the presence of a facility on a site, whether or not such facility is in operation and whether or not such facility has been closed” (emphasis added).
Lyons asserts that the plain meaning of the words “shall be” indicates an intent that the statute’s operation should not apply to existing facilities but only to future ones. However, the plain meaning of the entire language quoted above indicates that the legislature intended that the continued maintenance or operation of existing facilities, as well as the establishment of new ones, are covered.
In Clean Harbors of Braintree, Inc. v. Board of Health of Braintree, 409 Mass. 834 (1991) (Clean Harbors I), an operator of a hazardous waste facility similarly argued that its facility was not governed by G.L.c. Ill, §150B[2] because of an implied grandfather clause. The Court in Clean Harbors I rejected the argument that there was an implied grandfather clause in the statute, holding that “had the legislature intended §150B to apply to facilities established after the effective date of the section, it would not have included the latter two terms,” i.e. “maintained” or “operated.” Id. at 837. The court also noted that “any hazardous waste facility that was lawfully operating on the effective date of § 150B would have been subject to the applicable siting requirements of §150A.” Id.
Lyons itself recognizes in its brief that “where the legislature uses the same words in several sections that concern the same subject matter, the words must be presumed to have been used with the same meaning in each section.” Plaintiffs Mem., 5. Following the plaintiffs own reasoning, the meaning given to the same language in § 15 0B by the court in Clean Harbors I is applicable here as well, as §150A, like §150B, applies by its terms to anyone who “maintains or operates” the defined facility. §150A, moreover, provides more onerous notice requirements to “any person desiring to maintain or operate a site for a new facility or the expansion of an existing facility,” thus indicating that it knew how to differentiate between already established and new facilities, if it intended to do so. In these circumstances, as in Clean Harbor I, there is no warrant to read a “judicially manufactured grandfather clause” into the statute. Id. at 838; Clean Harbors of Braintree, Inc. v. Board of Health of Braintree, 415 Mass. 876 (1993)(Ciean Harbors II) at 880. Had the legislature not intended that the section apply to stations already in existence, it would not have included the words “maintain or operate,” and defined “maintain” to include “establish, keep or sustain.”
Lyons further contends that Clean Harbors I has no precedential value because, after the case was decided, the legislature amended §150B to include a grandfather clause, which resulted in relief being granted to the plaintiffs from the prior judgement. See Clean Harbors II, supra. However, although an amendment was proposed to add a similar grandfather clause to § 150A, it was not enacted. The legislature, of course, remains free to amend §150A to clarify its original intention, if it deems that necessary, as was done with §150B. Id. at 880-83.
II. Irregularities in the Administrative Hearing
Lastly, Lyons contends that there were procedural irregularities in the hearing before the Commission, including, inter alia, incorrectly labeling Lyons as the “petitioner,” admitting improper evidence, and participating in ex parte communications with a City Council member during the proceedings. However, there is no evidence that these irregularities, even if they occurred, resulted in substantial injury or manifest injustice to Lyons. See Police Comm’r of Boston v. Robinson, 47 Mass.App.Ct. 767, 770-71 (1999). None of the claimed irregularities could have any bearing on the uncontroverted fact that plaintiff commenced operation of its waste transfer station prior to 1970, which is dispositive of the only legal issue presented. It is well established that a court, when reviewing a petition in the nature of certiorari, is limited to “correct(ing) substantial errors of law apparent on the record adversely affecting material rights,” id. at 770, quoting MacHenry v. Civil Serv. Commn., 40 Mass.App.Ct. 632, 634 (1994); Commissioners of Civil Serv. v. Municipal Ct. of Boston, 369 Mass. 84, 90 (1975), and Sullivan v. Committee on Rules of the House of Representatives, 331 Mass. 135, 139 (1954), and may overturn a decision only if it is not supported by substantial evidence. See Pratt v. Plymouth County *33 Retirement Bd., 47 Mass.App.Ct. 66 (1999). The irregularities complained of by Lyons do not indicate that the hearing officer’s decision was not based on substantial evidence or could have affected plaintiffs material rights.
ORDER
Accordingly, defendant’s motion for judgment on the pleadings is ALLOWED, and plaintiffs cross-motion is DENIED. Judgment shall be entered in favor of the defendant on plaintiffs petition, and in favor of the defendant on its counterclaim. Plaintiff is ordered to cease and desist from all operations as a waste transfer station until such time as it has obtained a solid waste transfer station site assignment pursuant to c. Ill, §150A.

 Plaintiff initially contended before the Commission that it was entitled to be grandfathered under the 1955 amendment toG.L.c. Ill, §150A, which grandfathered then-existing disposal sites, but plaintiff abandoned this contention when no evidence was presented that it had operated such a site before 1955, and the Commission found that it had not met its burden to prove that it came within the exemption.

§150B provides that “no place in any city or town shall be established or maintained or operated by any person, unless such place has . . . been assigned by the board of health ..."