NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-419

PAULA TAYLOR & another[1]

vs.

BOSTON TEACHERS UNION, LOCAL 66, AFT MASSACHUSETTS, AFL-CIO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Paula Taylor and John Daley, both members of the Boston Teachers Union (BTU or defendant), appeal from a judgment of the Superior Court dismissing their complaint seeking declaratory relief pursuant to G. L. c. 231A, § 1.  We affirm.

Background.  Taking the plaintiffs' well-pleaded allegations as true, at a February 9, 2022 monthly union membership meeting a draft memorandum of agreement (MOA) between the Boston Public Schools and the BTU was presented to the attending membership for a vote.  "The [February 2022] MOA, among other things, divided the workforce into 'verified' and 'non-verified' employees depending upon which medical treatments

_____

[1] John Daley.

they preferred," and further provided for the imposition of unpaid leave for "'non-verified' employees based upon [certain] contingencies."  The February 2022 MOA also purported to reduce compensation for employees "who used sick days as compensation during unpaid leave."  The union membership voted in favor of the February 2022 MOA.

On February 14, 2022, the plaintiffs filed a complaint against the defendant alleging that the defendant conducted a vote on the February 2022 MOA in violation of notice and voting requirements of the union bylaws.  Article X of the BTU's bylaws provides that "[a]ny motion which alters or amends our collective bargaining agreement shall require the same notice to the membership as a constitutional amendment."  Article X further provides that proposed amendments to the bylaws "[s]hall be announced to the membership in writing at least fifteen (15) days in advance of the next meeting of the membership," and that proposed amendments "shall become part of the Bylaws of the [union] by two-thirds (2/3) vote of those present and voting in favor."

The plaintiffs argue that the above-referenced provisions of the February 2022 MOA "substantially altered the rights and obligations of the members under the union's Collective Bargaining Agreement [CBA]," thus triggering the Article X bylaw provisions requiring fifteen days advance written notice and a

2

two-thirds supermajority vote.  The plaintiffs claim that by failing to give that required notice and failing to require a supermajority vote, the defendant breached the bylaws and proceeded on an unlawful basis without the authority of union membership.  Accordingly, the plaintiffs seek a declaration that the defendant's actions violated the bylaws and are unlawful.

The defendant moved to dismiss the complaint on the basis that, inter alia, paragraph 19 of the February 2022 MOA requires the "approval of the Boston School Committee" (BSC) to become effective, and the BSC has never voted on or approved the February 2022 MOA.  Consequently, the defendant argued, the request for declaratory relief was not ripe for adjudication as there was no actual controversy within the meaning of G. L. c. 231A.  The plaintiffs filed an opposition to the motion to dismiss and subsequently filed a motion to supplement the pleadings pursuant to Mass. R. Civ. P. 15 (d), 365 Mass. 761 (1974).  The motion to supplement sought, in essence, to amend the complaint to include allegations regarding a subsequent September 6, 2022 MOA that contained a requirement for union members to "verify their vaccination status" and in some circumstances submit to an unspecified "COVID-19 screening test."  The plaintiffs maintained that certain provisions of the September 2022 MOA likewise altered or amended rights and obligations in the CBA and were thus subject to the notice and

3

supermajority provisions of Article X of the bylaws and likewise were unlawful.  The defendant filed an opposition to the motion to supplement arguing that the September 2022 MOA did not alter the terms and conditions of employment for union members.  On January 31, 2023, a Superior Court judge allowed the defendant's motion to dismiss and denied the plaintiffs' motion to supplement.  This appeal ensued.

Discussion.  We review the allowance of a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor.  See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  "[W]e look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief."  Id., citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008).

With respect to declaratory judgment actions, G. L. c. 231A "expressly requires that the pleadings set forth specifically some actual controversy."  Penal Insts. Comm'r for Suffolk Co. v. Commissioner of Correction, 382 Mass. 527, 530-531 (1981), citing G. L. c. 231A, §§ 1, 9.  "Such proceedings are concerned with the resolution of real, not hypothetical, controversies; the declaration issued is intended to have an immediate impact on the rights of the parties."  Id. at 531, quoting Massachusetts Ass'n of Independent Ins. Agents & Brokers, Inc.

4

v. Commissioner of Ins., 373 Mass. 290, 292 (1977). "Conclusory allegations as to official duties or potential future conflicts will not do." Penal Insts. Comm'r for Suffolk Co., supra. With these principles in mind, we address the plaintiffs' claims on appeal.

As to the February 2022 MOA, there is no dispute that it was never approved by the BSC and never went into effect. As a result, these circumstances present a hypothetical controversy where the declaration sought by the plaintiffs -- i.e., that the MOA not in effect is nonetheless unlawful -- would not have an "immediate impact" on the rights of the parties. Massachusetts Ass'n of Independent Ins. Agents & Brokers, 373 Mass. at 292. Plaintiffs' argument would also fail because "[a] party has standing pursuant to G. L. c. 231A where the defendant has violated some duty owed to the plaintiff[s] . . . and where the plaintiffs can allege an injury within the area of concern of the statute or regulatory scheme" (quotations omitted). Service Employees Int'l Union, Local 509 v. Department of Mental Health, 469 Mass. 323, 328 (2014). Here, for the reasons stated above, the plaintiffs do not allege a cognizable injury within the meaning of c. 231A. "[U]ntil the defendant[] decide[s] upon definite action with some finality, declaratory relief is premature." McCaffrey v. School Comm. of Haverhill, 352 Mass. 516, 518-519 (1967). In addition, "[i]t is settled that G. L.

5

c. 231A does not provide an independent statutory basis for standing." Enos v. Secretary of Envtl. Affairs, 432 Mass. 132, 135 (2000). A plaintiff seeking declaratory relief must "demonstrate not only the existence of an actual controversy but also the requisite legal standing to secure its resolution" (quotation omitted). Entergy Nuclear Generation Co. v. Department of Envtl. Protection, 459 Mass. 319, 326 (2011). "To have standing in any capacity, a [plaintiff] must show that the challenged action has caused the [plaintiff] injury." Sudbury v. Massachusetts Bay Transp. Auth., 485 Mass. 774, 779 (2020). Here, the plaintiffs have not been injured by the defendant's alleged failure to abide by the notice and supermajority provisions of the bylaws, because, again, the February 2022 MOA never took effect. Accordingly, the motion to dismiss was properly allowed.

As to the September 2022 MOA, it appears that there is nothing in the record before us that indicates that it went into effect. Thus, for the reasons delineated above, the plaintiffs fail to satisfy the actual controversy requirement of c. 231A.[2] Even assuming, arguendo, that the September 2022 MOA did go into

---

[2] There were representations by the parties at oral argument that the September 2022 MOA went into effect, but, of course, we are bound by the record before us. In any event, for the reasons discussed infra, the claim is also unavailing on the merits.

6

effect, the judge did not abuse his discretion in denying the motion to supplement the complaint to include allegations regarding the September 2022 MOA.  See Chang v. Winklevoss, 95 Mass. App. Ct. 202, 212 (2019) (denial of motion to amend complaint reviewed for abuse of discretion).  As the judge found, the plaintiffs did not show how the September 2022 MOA alters or changes any preexisting term or condition of employment contained in the CBA, and thus "amending the complaint would be futile" and would "not survive a motion to dismiss for failure to state a claim."  Id.  On the record before us, we cannot say that the judge made "a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable

alternatives" (quotation omitted).  <u>L.L.</u> v. <u>Commonwealth</u>, 470 Mass. 169, 185 n.27 (2014).[3]

<u>Judgment affirmed</u>.

By the Court (Neyman, Hershfang & Hodgens, JJ.[4]),

Clerk


Entered:  July 30, 2024.

---

[3] We also note that the present litigation appears to be moot.  See generally <u>Lynn</u> v. <u>Murrell</u>, 489 Mass. 579, 582-583 (2022).  The plaintiffs respond that the mootness doctrine should not apply because the present case is not about the coronavirus, but about essential issues of organizational governance.  Although there is some force to the plaintiffs' claim, we are not persuaded to alter the result we reach for the reasons already discussed herein.

[4] The panelists are listed in order of seniority.